(75 N. W. Rep. 260.)

---

JAY F. RUSSELL *vs.* CHRISTOPHER MEYER, *et al.*

Opinion filed April 28th, 1898.

**Action for Trespass—Complaint.**

Complaint examined, and *held* to state a cause of action for trespass on realty, and not for the conversion of personalty.

**Owner of Unoccupied Land May Sue.**

The owner of unoccupied land may sue for trespass.

**Damage to Reversionary Interest.**

Where a tenant is in possession, the owner may sue in trespass on the case for the damage to his reversionary interest.

**Owner of Equitable Title May Sue.**

One who has the equitable title and full right to call for the legal title may, as against a trespasser, maintain the same action as one who has the entire ownership of land, legal and equitable.

**Special Verdict Defined.**

A special verdict is one which determines specifically the ultimate facts which are in issue, and not one which determines evidential facts on which such ultimate facts rest.

**Destruction of Deed Does Not Divest Title.**

Where the grantee in an unrecorded deed sells the land to another, and for the purpose of putting the title in the purchaser without the expense of having the old deed recorded destroys such deed, and procures to be executed to the purchaser a deed directly from the original grantor to the purchaser, no legal title vests in such purchaser, but only an equitable interest, the grantor in such deed having no legal title to convey. A court of of equity, however, will compel the holder of the legal title to convey it to such purchaser.

Appeal from District Court, Richland County; *Lauder*, J.

Action by Jay F. Russell against Christopher Meyer, August Meyer and William Dunham to recover damages against the defendants, for unlawfully and forcibly entering upon the premises of plaintiff and injuring them by the destruction and asportation of a frame barn. Trial by jury and a verdict for plaintiff for $50.00, a new trial denied, defendants appeal.

Reversed.

*McCumber & Bogart,* for appellants.

Plaintiff should have been required to elect as to the character of his action. If an action for conversion the measure of damage is the value of the property at the time of the conversion, with interest. Section 5,000, Revised Codes. The taking down of the barn converted it into a chattel, and the rule of damage is the same as for the conversion of a chattel. *Bennett* v. *Thompson*, 13 Ired. 146; *Yarborough* v. *Nettles*, 7 La. 238; 26 A. and E. Enc. L. 676. The rule of damages for trespass is the amount which will compensate for all the detriment proximately caused thereby. Section 4997, Revised Codes. If the action is in trespass, plaintiff must plead and prove possession at the time of the act complained of. 26 A. and E. Enc. L. 581. The owner may without possession maintain action for carrying away the fixtures. *McClain* v. *Todd*, 22 Am. Dec. 37. If the action was merely to recover value of the building, it was not necessary for plaintiff to show either title or possession. *Kline* v. *Mann*, 29 Ia. 112. Defendant, therefore, had a right to force an election before the trial progressed. The plaintiff relying upon title, should have shown chain of title from the government. *Henrichs* v. *Terrell*, 65 Ia. 25, and that he has repossessed himself of the land. *Rowland* v. *Rowland*, 8 Ohio, 40. An estate in real property can be transferred only by an instrument in writing, subscribed by the party disposing of it. The cancellation of a deed will not divest property which has once vested. Section 3531, Revised Codes; *Lewis* v. *Payne*, 8 Cow. 71; *Holbrook* v. *Terrill*, 9 Pick. 105; *Hatch* v. *Hatch*, 9 Mass. 311; *Marshall* v. *Fisk*, 6 Mass. 32; *Jack-*

*son* v. *Chase*, 2 John. 84; *Roe* v. *Archbishop*, 6 East. 86; *Bottsford* v. *Moorhouse*, 4 Conn. 550; *Gilbert* v. *Buckley*, 5 Conn. 262; 2 A. and E. Enc. L. 719. An oral sale of a standing building upon the land of the owner but to be severed from it and taken away is valid. *Shaw* v. *Carberry*, 13 Allen, 462; *Long* v. *White*, 42 Ohio, St. 459; 8 A. and E. Enc. L. 698.

*W. E. Purcell*, for respondent.

The statement of the case does not contain all the evidence, therefore no question as to the sufficiency of the evidence to justify the verdict can be considered on this appeal. *Becker* v. *Simons*, 50 N. W. Rep. 1129; *Barnes* v. *Michigan Air Line*, 20 N. W. Rep. 36; *Chamberlain* v. *Brown*, 41 N. W. Rep. 284; *Ward Snook*, 16 N. W. Rep. 745. Plaintiff was in possession and could maintain the action upon this fact and the presumption it carried. *Parker* v. *Wallis*, 60 Ind. 15; *Stratton* v. *Lyons*, 53 Vt. 641; *Douglas* v. *Dickson*, 31 Kan. 310; *Wellington* v. *State*, 52 Ark. 266. The grantor of lands may maintain trespass after his conveyance for injuries done before such conveyance. Section 3371, Rev. Codes; *Arneson* v. *Spawn*, 49 N. W. Rep. 1066.

CORLISS, C. J. Defendants have appealed from a judgment based upon the verdict of a jury. One of the errors assigned is that the District Court should have compelled the plaintiff to elect whether he would treat the action as an action for trespass to real estate or for the conversion of personal property. The averments of the complaint were that plaintiff was the owner of certain real estate, and that defendants forcibly entered the same, and tore down and removed a barn erected thereon. While it is possible that the pleading was vulnerable to attack by motion to render it more definite, we are clear that it states only one cause of action, *i. e.* an action for trespass to real property. It is true that the plaintiff does not allege that he was in the actual possession of the premises, but actual possession is not necessary. Constructive possession, resting upon title is sufficient where there is

no adverse possession. 26 Am. and Eng. Enc. Law, 585,. and cases cited. When a part of the realty is severed therefrom by a wrongdoer, the owner may sue for the trespass, or he may elect to treat the act of severance as unlawful, and sue for the conversion of the property as a chattel, it having been rendered personalty by the act of the tort feasor. But if he decides to sue in conversion, all the legal consequence of his election must follow. When he insists that his interest in a chattel has been destroyed, it is as a wrong to such chattel that he must prosecute his action; and he can only recover the value of such chattel after it became such, and not the damage which the severance and removal thereof from the realty has caused. It is obvious, from the allegations of the complaint herein and the prayer for relief, that plaintiff has not elected to sue in conversion, but for damages to the realty resulting from a trespass. He avers that the barn was worth $230, and this is the sum which he seeks to recover. Assuming that there was no damage to the premises aside from the demolition and carrying away of this structure, it is clear that the damage to plaintiff's realty would be the exact amount of the value of such structure. But such value would not form the proper measure of damages, on the theory of an action in conversion; for, after this erection had become a chattel property by severing it from the land, it would no longer possess value as a barn, but only as so much lumber, much less valuable, because an important element of value, i. e. the cost of construction, would then have disappeared.

It is claimed that the court erred in refusing a request of defendants' counsel to direct the jury to render a special verdict. But in our opinion what counsel for the defendants asked was not that the jury be requested to return a special verdict, but to answer certain questions framed by counsel, which went more into details on the issues in the case than a jury are required to go, even when they are directed to render a special verdict. The court was requested to propound to them the following questions, among others: "How many loads of lumber were taken down and carried away

by the defendants?" "About how many feet of lumber in all did the defendants take away from the lot?" "What was the value of the lumber taken by said defendants?" "What was that building that was taken by the defendants worth on the day it was taken, but before it was taken down by the defendants?" "What was the lot on which the building was situated, with the building thereon, worth on the day, but just before the building was torn down?" "What was the lot worth, exclusive of the building, on the day the building was torn down?" "What was the building in question worth, as it stood on the lot just prior to the time it was taken down?" By a special verdict, a jury set forth their findings on each point in issue, but they are not to find anything except the ultimate facts in controversy. If there are, for instance, three questions of fact in a case which should be submitted to the jury, either party may ask that the jury be required to answer categorically each one of these questions in the form of a special verdict. But the jury cannot be further requested to answer in addition any number of special interrogatories which the ingenuity of counsel may frame. What the court is commanded by the statute to do, when so requested by either party, is to direct the jury to find a special verdict. Revised Codes, section 5445. Section 5444 clearly shows what a special verdict shall embrace. It must contain only the conclusions of fact, and not the evidence to prove them. One of the issues of fact in this case was concerning the damage to plaintiff's realty caused by this trespass. Three of the questions framed by counsel for defendants related to the evidence bearing on such issues, and not to the ultimate fact. The court was requested to ask the jury to say how many loads of lumber were carried away by defendants, how many feet of lumber were removed by them, and what the value of such lumber was. What the jury were to determine in the case was not the evidential facts, but, in the light of them, the ultimate fact as to the damage to the land which the trespass of the defendants had caused the plaintiff. The true rule is stated by Mr. Thompson in his work on trials: "Another leading

rule in regard to special verdicts is that they should find the ultimate or constitutive facts which are necessary to support the judgment of the court, and should not find those matters which are merely evidentiary in their nature, and which merely tend to show the existence of the ultimate facts." Section 2652.

It is urged that, inasmuch, as the plaintiff was not in actual possession of the land at the time of the trespass, he cannot recover because he has failed to show that he was at such time the owner of the legal title thereto. It appears that a time anterior to the trespass the premises were owned by Jay Russell, the plaintiff, and W. H. Davenport, under a deed to them which was duly recorded, each owning one-half. They conveyed through different grantees their respective interests, and finally the fee was vested in A. G. Divet. Divet sold the property to the plaintiff. However, instead of executing a deed to the plaintiff, he destroyed all the intermediate deeds, which had not been recorded, and caused a deed to be executed by Davenport to the plaintiff. Thus, upon the public records, when the latter deed should be recorded, it would appear that plaintiff was the owner of the entire lot, the deed to himself and Davenport vesting a one-half interest in him, and the deed from Davenport to himself transferring to him the other half. It is obvious, however, that Divet did not by the destruction of such deeds devest himself of his legal title to the premises. 2 Jones, Real Prop. § 1259, and cases cited; Rev. Codes, § 3519. There is, however, authority for the proposition that the effect of a voluntary destruction of a deed is to revest the legal title in the grantor if that is the purpose of the party, the ground of such holding being an equitable estoppel. He who has deliberately put it out of his power to prove his title by the best evidence shall not be permitted to produce secondary evidence to sustain it, and therefore, he can never establish such title in a court of justice. It follows that he has in law no title, because he is powerless to assert it. So runs the reasoning of these cases: *Holbrook* v. *Tirrell*, 9 Pick. 105; *Barrett* v. *Thorndike*, 1 Me. 73; *Com.* v. *Dudley*, 10 Mass. 403;

*Trull* v. *Skinner*, 17 Pick. 213; *Tomson* v. *Ward*, 1 N. H. 9; *Stanley* v. *Efferson*, 45 Tex. 645; *Farrar* v. *Farrar*, 4 N. H. 191. We do not deem these decisions sound, and our statute is decisive. Revised Codes, section 3519. See 2 Jones, Real Prop. § 1259. But, although no legal title passed from Divet to plaintiff, still he has an equitable title to the land in question. Divet, the owner of the legal title, has sold the land to him, and has presumably received his pay; for he testified on the trial that he destroyed these deeds, and had Davenport convey to plaintiff for the purpose of carrying out his agreement to sell the premises to plaintiff. A court of equity would treat him as a mere trustee, and require him to convey the land to the plaintiff should the latter seek such relief. As against the defendants who are wrong-doers,—who failed to establish any interest in the land,—the plaintiff's equitable title is sufficient to sustain this action for trespass. *Irvin* v. *Patchin*, (Pa. Sup.) 30 Atl. 436; *Inderlied* v. *Whaley*, (Sup.) 20 N. Y. Supp. 183; *Miller* v. *Zufall*, 113 Pa. St. 317–325, 6 Atl. 350; *McFeters* v. *Pierson*, 15 Colo. 201, 24 Pac. Rep. 1076; 2 Jag. Torts. 673. Even as against Divet, who held the valid legal title, the plaintiff was entitled to possession. While the right to sue in trespass rests upon possession, yet ownership draws after it constructive possession when no one else is in the adverse possession of the land. In such a case the owner may sue. 26 Am. and Eng. Enc. Law, 585, and cases in note 2. Nor does it clearly appear that plaintiff was not in possession at the time of the trespass. But assuming the view most favorable to defendants, that a tenant was in possession, still the plaintiff could maintain the action of trespass on the case for the injury, which was clearly an injury to the reversion. *Bailey* v. *Gas-Fixture Co.*, 54 Mo. App. 50; *Starr* v. *Jackson*, 11 Mass. 519; *Hastings* v. *Livermore*, 7 Gray, 194; *French* v. *Fuller*, 23 Pick. 106; *Ridge* v. *Transfer Co.*, 56 Mo. App. 133; *Hersey* v. *Chapin*, (Mass.) 38 N. E. Rep. 442; *Parker* v. *Shackelford*, 61 Mo. 68; *Austin* v. *Mining Co.*, 72 Mo. 535; 2 Jag. Torts, 666. As all forms of action are abolished in this state, the only inquiry is whether,

under such circumstances, the owner can sue the wrongdoes for the damages he has caused him, the owner. Whether the action was at common law known as an action of trespass or as an action of trespass on the case is unimportant, when once it is ascertained that the law gives the owner a remedy in some form of action.

On one point, however, we think the learned trial judge erred. He charged the jury that, as a matter of law, the plaintiff was entitled to recover damages on the theory that plaintiff was the owner of the building, and that the only question for them to determine was the amount of plaintiff's damages. So far as this instruction rested upon plaintiff's title to the land, we think the court was correct. But there is some evidence in the case tending to show that the ownership of the barn had been transferred to one who was not the owner of the land, and that at the time that Divet sold to plaintiff he (Divet) was not the owner of such structure. Of course, it was competent for the owner of the land to sever the building therefrom (considering the mode of its annexation thereto) by a sale thereof separate from the land. Such a sale would pass the title to the building as personal property. *Shaw* v. *Carbrey*, 13 Allen, 462; *Long* v. *White*, 42 Ohio St. 59. True it is that an innocent purchaser of the land would have a right to assume that the building was a part of the realty, and would, on putting his deed on record, be in a position to defeat the prior sale of the building by his grantor, he having no notice thereof. 2 Jones, Real Prop. § 1736. But no claim is made here under the recording act. Counsel for plaintiff merely argues that the alleged oral transfer of the building was void under the statute of frauds. And it is obvious from the record that the case was not litigated in the court below on the theory that plaintiff was entitled to protection on the ground that he was a bona fide purchaser under our recording law.

We think that there was a question of fact as to the ownership of the building which should have been submitted to the jury. It is true that the trespass upon the land was not justified, because

the defendants failed to show that they had any interest in either the land or the building. But, while a technical trespass was made out, plaintiff established no claim to more than nominal damages, except on the theory that he was the owner of the barn at the time of the trespass. If he was not such owner, the verdict is excessive, and it was for the jury to say whether he was such owner. Because this question was not submitted to the jury, the order denying the motion for a new trial is reversed, and a new trial is ordered. All concur.