STATE BANK OF ARDOCK, a Corporation, Appellant, v. DAN H. BURKE, Doing Business as Independent Elevator Company, Respondent.

'(208 N. W. 115.)

**Evidence — in action for conversion of mortgaged grain, parol evidence rule.**

1. In an action by a mortgagee for conversion, where it appeared that the defendant had purchased grain described in the mortgage, paying the mortgagor therefor, it is *held:*

The parol evidence rule operates to exclude a prior or contemporaneous understanding that the mortgage should not be operative in favor of the mortgagee upon the property described.

**Evidence — "inducement" shown by parol evidence; parol understanding may not be shown by parol evidence.**

2. The inducement to a written contract, which may be shown, ordinarily relates to the consideration and is explanatory of the writing as applied to the subject-matter, but where the signing of the contract is brought about by a parol understanding that the obligation shall not be enforceable, such understanding, being contrary to the writing, may not be shown.

**Evidence — where parol understanding relates to subject-matter — prohibited by parol evidence rule.**

3. Where a parol understanding relates to the subject matter of a contract—dealing specifically with the lien created thereby upon the property described—it is not collateral and falls within the prohibition of the parol evidence rule.

**Evidence — plaintiff's claim based on written instrument —asserted against third party — parol evidence rule.**

4. Where the plaintiff's claim is based upon a written instrument, and where it is asserted against a third party whose rights are necessarily subject to the rights of the plaintiff under the written instrument, the parol evidence · rule applies between the plaintiff and such third party.

**Evidence — prior negotiations merged in written contract, not waiver.**

5. Prior negotiations, which become merged in a written contract, cannot operate as a waiver of the terms of the writing.

Note.— (2) Admissibility of parol evidence to show that a bill or note was conditional or given for a special purpose, see annotation in 20 A.L.R. 421; 17 L.R.A. 274; 10 R. C. L. 1041; 2 R. C. L. Supp. 1144; 4 R. C. L. Supp. 688.

(4) Applicability of rule excluding parol evidence to vary a written contract in favor of or against a stranger to the contract, see annotation in L.R.A.1916A, 592; 10 R. C. L. 1020; 2 R. C. L. Supp. 1141; 5 R. C. L. Supp. 583.

Opinion filed March 13, 1926.

Evidence, 22 C. J. § 1459 p. 1102 n. 97; § 1516 p. 1135 n. 14; § 1615 p. 1213 n. 55; New; § 1662 p. 1248 n. 28 New; § 1665 p. 1253 n. 39, 40; § 1666 p. 1254 n. 44; § 1675 p. 1257 n. 79; § 1726 p. 1294 n. 88, 90. Waiver, 40 Cyc. p. 253 n. 55.

Appeal from the District Court of Grand Forks County, *Cooley,* J. Reversed and judgment ordered non obstante.

*H. A. Bronson* and *McIntyre, Burtness & Robbins,* for appellant.

Parol evidence is inadmissible to show that prior to, or contemporaneous with, the execution of a note, the payee agreed to release the maker, upon the happening of a certain contingency, and take a note of another person in lieu thereof. Bank v. Kelly, 30 N. D. 84.

In an action upon a promissory note, the indorser in blank cannot establish by parol that the indorsement is made upon the understanding that it should be without recourse to him. Farm Exch. Bank v. Iverson, 201 N. W. 509.

When a written contract is made and delivered and nothing remains to complete its execution, parol evidence is inadmissible to prove an understanding that it was not intended to be operative according to its terms. 10 R. C. L. 1041.

The rule excluding parol evidence which varies or contradicts a written instrument applies only in controversies between parties to the instrument and those claiming under them. 22 C. J. 1292.

One who seeks to enforce a promise made to another for his benefit is bound, the same as the promisee would be, by the rule excluding parol proof to vary a contract. Sayre v. Burdick, 50 N. W. 245.

*Libby & Harris,* for respondent.

The rule is also well settled that the acknowledgment of a receipt of a consideration in a deed or other written contract is not conclusive, but it may be shown by parol that the consideration agreed upon has not been paid; and yet the deed recited that it was paid, or that a consideration greater or lesser than, or different from, that expressed in the deed was in fact agreed upon. Moore v. Booker, 4 N. D. 543; McDonald v. Finseth, 32 N. D. 400; Miller v. Kennedy, 12 S. D. 478.

When a paper is obtained for one purpose and is subsequently used for a different purpose, it is fraudulent and the subsequent abuse will

let in parol evidence of what took place at the time of its execution. Fulton v. Hood, 34 Pa. 374.

When a deed or other writing has been obtained by fraud or where there was no fraud in obtaining it, but it is being used or attempted to be used for a purpose different from what was intended, parol evidence is admissible. Thompson v. White, 1 Dall. 427.

Testimony may be offered to prove the existence of an oral agreement made collaterally with a deed, and relating to the property conveyed, but an entirely independent and distinct contract. Buzzell v. Willard, 44 Vt. 44; Weeks v. Medler, 20 Kan. 57.

The rule excluding parol evidence of written contracts is confined to the parties to the contract and does not preclude strangers to it from introducing such evidence. Talbot v. Wilkins, 31 Ark. 411.

Parol testimony may be received to prove an agreement in which a written instrument originated and of which it constituted only a part. McAteer v. McAteer, 9 S. E. 966.

Courts will not enforce a contract entered into with the intent that it shall operate as a fraud upon the rights of third persons. 6 R. C. L. 721, 201 N. W. 696.

The rule against contradicting the tenor of a written instrument by parol does not apply to strangers. Burns v. Thompson, 91 Ind. 146.

BIRDZELL, J. This is an appeal from a judgment and from an order denying the plaintiff's motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The action is predicated upon the alleged conversion of certain flax described in a chattel mortgage given to the plaintiff. The flax was purchased by the defendant and the price paid to the mortgagor. Later the defendant refused to deliver the flax to the plaintiff upon demand; hence this action.

The facts necessary to be stated are substantially as follows: In the fall of 1921, one Robinson, being indebted to the plaintiff bank, executed a chattel mortgage covering the crop to be grown on certain land in the year 1922, as well as an automobile and certain machinery. Robinson testified that, upon being requested to execute the mortgage, he objected to signing a mortgage which would cover the crop to be grown, assigning as reasons that he would have to make a payment on his land and would need money for the support of his family; where-

fore it was necessary for him to keep his crop free from mortgage liens. He further testified that Buckley, the agent of the plaintiff bank, yielded to his objections to the extent of saying that, if he would execute the mortgage in its existing form, he could nevertheless sell his crop whenever he should desire and use the money as he saw fit; that he desired the mortgage executed to cover the crop on account of some transactions with the War Finance Corporation and, if executed in the manner desired, "that it would go through the War Finance Corporation in good style." This testimony was contradicted by Buckley, who testified that the instrument was taken to give the bank security for the indebtedness then owing by Robinson. Robinson's evidence with reference to the contemporaneous understanding went in over objections appropriate to raise the question of its admissibility to vary the terms of the mortgage. The instructions of the trial court reflect the view entertained in overruling the objections. The court told the jury, in substance, that the defense inherent in the parol understanding that Robinson should have the right to sell the crop notwithstanding the mortgage, presented the only issue for determination. The jury by their verdict determined this issue favorably to the defendant, and the admission in evidence of the testimony tending to establish the contemporaneous understanding with respect to the future sale of the grain or with regard to the operation of the mortgage, presents the sole question for consideration on this appeal.

It also appears as a fact—though the fact is of no controlling significance—that when the defendant paid for the flax it issued a check payable to Robinson and the plaintiff bank jointly and that Robinson obtained the money on this check upon his indorsement alone.

The pivotal question is not free from difficulty. Counsel have presented able and exhaustive briefs covering every phase of the question. On the one hand, for the appellant it is argued that the mortgage in question is clear and unambiguous in its description; that it covers the crop to be grown in 1922; that to permit it to be qualified by a prior or contemporaneous verbal agreement involves a flagrant violation of the parol evidence rule; that the plaintiff bank had a right to rely upon the legal effect of its transaction with Robinson, which was to create a lien upon the crop, and that this legal effect cannot be permitted to be changed by Robinson's acts of selling the grain and col-

lecting the proceeds for his own use from one having knowledge of the mortgage.

For the respondent, on the other hand, it is argued that the mortgage would not have been executed in its present form but for the express promise or understanding that the mortgagor would be permitted to sell the grain and treat the proceeds as his own; that the parol evidence rule does not prevent the inducement to a contract being shown; that, since it does not tend to vary or contradict any written contract existing between the plaintiff and the defendant—the latter not being a party to the mortgage, the verbal understanding is admissible in the instant case; that the mortgage in question, so far as the crop was concerned, was to serve a special or limited purpose, namely, to stand as security with the War Finance Corporation only and not as security for Robinson's indebtedness to the bank, and that this may be shown by parol evidence; and that, in any event, the plaintiff bank, by giving oral permission to the mortgagor to sell the crop and use the proceeds as his own, has, to that extent, waived the mortgage and is, consequently, not entitled to recover in this action. All of these contentions are more or less substantiated by citation of authorities. The lines of distinction between the various cases cited are so shadowy that any attempt to harmonize them would be foredoomed to failure. The task is hopeless. The problem is one of applying principles that are in themselves comparatively simple, but which produce confusion if important distinctions are not kept in mind.

Such difficulties as exist in the instant case will, we believe, yield readily upon an analysis of the actual transaction to its true legal elements. We have a mortgage between the bank and Robinson, its debtor, given to secure an indebtedness. It rests upon a valid and undisputed consideration. It covers other property than that in controversy. The mortgagor does not claim that it was not to cover the crop. He only claims that, notwithstanding the lien, he was to have a right to sell the crop and use the proceeds, except, perhaps, as against the War Finance Corporation. The instrument, admittedly, was delivered for the purpose of taking effect.

It will at once be seen that every contention of the mortgagor, with respect to the limited application of the mortgage upon the crop, is contrary to the express language of the instrument. The defeasance

clause, for instance, is equally applicable to the lien upon the crop and that upon the other chattels. It declares that the mortgage shall be void upon the payment of the debt, etc., and not upon redemption from a pledge with the War Finance Corporation. Another clause negatives authority to dispose of the property by providing that the mortgagee may take possession of the crop upon nonpayment of the debt "or if any attempt shall be made to dispose of or injure said property." The verbal agreement which the defendant seeks to prove does not establish a condition upon the happening of which the mortgage shall become operative; nor does it establish the consideration. While it is strongly argued that the parol understanding merely goes to establish the inducement to the mortgage, it is not demonstrated that "inducement" may be shown when it will cause the contract to have an entirely different operation from that dictated by its express terms. "Inducement," ordinarily, relates to the consideration and is explanatory of the operation of the terms of the contract upon the subject-matter in the minds of the parties. But as the term is employed by counsel for respondent in the instant case, it may mean any understanding, however contrary to the terms of the writing. This, we think, is a misconception. First State Bank v. Kelly, 30 N. D. 84, 152 N. W. 125, Ann. Cas. 1917D, 1044. As a rule an agreement that an obligation shall not be used as binding or enforceable cannot be shown, for this matter is necessarily determined by the writing. 5 Wigmore, Ev. 2d ed. § 2434. Obviously, if verbal agreements contrary to the express language of a written contract can be shown as constituting the "inducement" to the contract, every written agreement would be subject to alteration to the extent of the contrary parol undersanding, since parties generally execute written agreements pursuant to parol understandings which induce their consummation.

Neither does the evidence establish any agreement collateral to the mortgage contract or so foreign to its purpose as not to be included; it relates to the very subject of the contract—the operation of the specific lien on the property described. The alleged verbal understanding has to do with the execution of the mortgage in question as a mortgage to secure the indebtedness owing to the bank. It is a part of the negotiations leading up to its execution. The mortgage was admittedly delivered to take effect at the time it was given. The ex-

clusion of negotiations of this character is the chief aim of the parol evidence rule, made even more rigid in this state by being embodied in statutory form. Comp. Laws 1913, § 5889. Our statute provides that the execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument. We are of the opinion that, upon the execution of the mortgage in question and its delivery for the purpose of its taking effect as such, any prior or contemporaneous negotiations or understanding, with reference to the operation of the mortgage upon the crop in question, necessarily became merged in the writing, and that resort must be had to it as the embodiment of the negotiations. It follows from this that the evidence in question was inadmissible for the purpose of establishing this understanding as an operative part of the contract.

We think the above conclusion is so clearly compelled in obedience to the parol evidence rule that extensive citation of authority will serve no useful purpose. The contrary contentions, however, are advanced with such earnestness and ability that we deem it proper to pay some heed to the authorities cited. The strongest authorities relied upon by counsel for the respondent in support of the contention that the evidence under consideration was admissible are some adjudications in Pennsylvania. The cases cited include Rearich v. Swinehart, 11 Pa. 233, 51 Am. Dec. 540; Fulton v. Hood, 34 Pa. 374, 75 Am. Dec. 664; Hain v. Kalbach, 14 Serg. & R. 159, 16 Am. Dec. 484; Ferguson v. Rafferty, 128 Pa. 337, 6 L.R.A. 33, 18 Atl. 484; Thomas v. Loose, 114 Pa. 35, 6 Atl. 326.

Doubtless, there are numerous cases in which the Pennsylvania courts have supported the admissibility of parol evidence varying the terms of written instruments in circumstances which would require the exclusion of such evidence if the parol evidence rule were regarded there as elsewhere. (The last case that has come to our notice is Christian Moerlein Brewing Co. v. Rusch, 272 Pa. 181, 116 Atl. 145.) The liberal doctrine of the Pennsylvania cases has been questioned in other jurisdictions for at least three quarters of a century. See Towner v. Lucas, 13 Gratt. 705. Indeed, the Pennsylvania court itself has frankly avowed its departure from the common law rule. In Phillips

v. Meily, 106 Pa. 536, at page 543, the Supreme Court, speaking through Mr. Justice Paxson, said:

"The English rule that parol evidence is inadmissible to vary the terms of a written instrument does not exist in this state. The cases are numerous upon this point; it is sufficient to refer to Kostenbader v. Peters, 80 Pa. 438. It would perhaps be more accurate to say that the rule has been relaxed, for the guards which this court has thrown around the modification of the rule have to some extent preserved the rule itself."

An examination of the Pennsylvania cases will disclose that they are authority for the proposition urged by the respondent to the effect. that, where the execution of a written instrument is induced by a parol promise without which it would not have been executed, the parol promise may in certain circumstances be shown, where an attempt is made to use the instrument in violation of such promise, regardless of whether or not the promise relates to a matter explicitly covered in the written instrument. To adopt this rule would be to negative entirely the parol evidence doctrine; for if, without any other evidence of fraud than mere reliance upon the written instrument, its effect may be avoided because of the existence of a contemporaneous parol understanding, there could never be a merger of negotiations in the written instrument in any proper sense of the term. In other words, if the enforcement of a written contract, fairly entered into, according to its true legal effect, is allowed to be frustrated because of the violation of a prior or contemporaneous promise concerning the same subject matter, the extrinsic parol promise is not merged but, on the contrary, is dignified above the written engagement. Regard for both the common law and statutory law in this state forbids the adoption of the rule contended for by the respondent.

But it is argued that in any event the parol evidence rule does not prevent the true contract being shown to be contrary to the terms of a written contract, where the action is between a party to the writing and a stranger. Conceding that the rule referred to is applicable in its full scope only as between the parties to the writing, it does not follow that another party may not be so situated with respect to the same contract as to have all the rights, or be subject to all the obliga-

tions, of a party thereto, even the right to rely upon it as the embodiment of the existing contract rights and obligations.

Says Wigmore on this subject (5 Wigmore, Ev. 2d ed. § 2446): "It is commonly said that the Parol Evidence rule, in the present aspect, is binding upon only those persons who are parties to the document. This form of statement suffices in most instances to reach correct results; but it is not sound on principle. The theory of the rule is that the parties have determined that a particular document shall be made the sole embodiment of their legal act for certain purposes. Hence, so far as that effect and those purposes are concerned, they must be found in that writing and nowhere else, no matter who may desire to avail himself of it. But so far as other effects and purposes are concerned, the writing has not superseded their other conduct, nor other persons' conduct, and it may still be resorted to for any other purpose for which it is material, either by other persons or by themselves. . . . The truth seems to be, then, that the rule will still apply to exclude extrinsic utterances, even as against other parties, provided it is sought to use those utterances for the very purpose for which the writing has superseded them as the legal act."

Jones states the rule somewhat more concretely as follows (Horwitz's 3 Jones, Ev. § 449): "It is to be observed, however, that the right of a stranger to vary a written contract by parol is limited to rights which are independent of the instrument. So that where one, although not a party to the instrument, bases his claim upon it, and seeks to render it effective in his favor as against the other party to the action, by enforcing a right originating in the relation established by it, or which is founded upon it, the parol evidence rule applies."

The cases cited as authority for the statement quoted from Jones' work above will be found to amply support the statement. See particularly Schultz v. Plankinton Bank, 141 Ill. 116, 33 Am. St. Rep. 290, 30 N. E. 346; Current v. Muir, 99 Minn. 1, 108 N. W. 870; Minneapolis, St. P. & S. Ste. M. R. Co. v. Home Ins. Co. 55 Minn. 236, 22 L.R.A. 390, 56 N. W. 815; Selchow v. Stymus, 26 Hun, 145. We are of the opinion that the mortgagee is within the protection of the rule when it relies upon the mortgage in any suit concerning the mortgaged property, either against the mortgagor or against a third party whose rights are subject to the mortgage.

53 N. Dak.—50.

The next inquiry is whether or not the prior or contemporaneous understanding that the mortgage should not operate upon the crop in such a manner as to prevent the mortgagor from selling the same and using the proceeds as his own, operates as a waiver of the lien pro tanto. Waiver implies relinquishment of a legal position. One does not waive that which is not his as of right at the time of the waiver. Hence, there could be no waiver of the mortgage upon the crop if it did not apply thereto. To suggest that a mortgage is waived by a prior or contemporaneous understanding contrary to its express provisions is merely to confuse terms. If the mortgage may be shown to have been "waived" by a parol understanding reached prior to or at the time of its execution, then, since parol waivers are effective, the device of waiver, like "inducement," would completely circumvent the parol evidence rule. As integration precedes disintegration, the terms of a written contract must first be established before we can determine whether or not any of those terms are waived and before there can be any waiver in point of time. As has been said, prior to the execution of the instrument the exchanges between the parties were negotiations which became merged; not recessions from occupied legal territory. By force of the parol evidence rule, therefore, the mortgage, when executed, covered the crop. From this it follows that any waiver of the terms with respect to the crop must be evidenced by a subsequent, not a prior or contemporaneous, assent to the sale.

On the subject of waiver and the admissibility of parol evidence to vary a contract when the action is between parties other than the parties to the contract or one of them and a stranger, counsel has cited authorities from Iowa. He relies particularly upon Livingston v. Heck, 122 Iowa, 74, 94 N. W. 1098. There is a companion case in the same volume of the Iowa reports, Livingston v. Stevens, 122 Iowa, 62, 94 N. W. 925.

These cases originated in a transaction between the plaintiffs and one Tucker. The plaintiffs, doing business in South Omaha, Nebraska, sold to Tucker certain cattle, taking from him a mortgage to secure the purchase price. The mortgage described the cattle as in possession of the purchaser on certain described premises in Shelby County, Iowa; whereas the cattle had not been shipped to Tucker at the date of the mortgage. The mortgage was recorded in Shelby county three days

after it was given. The defendants purchased certain of the cattle from Tucker and paid him for them. Actions were brought by the plaintiff, mortgagee, to recover the cattle. The cattle were never in fact placed on the land described in the mortgage, or even in the township in which the land was situated. The mortgagor never owned or had possession of any part of the land. The court held that it was proper to show a course of conduct or system of dealing between the plaintiffs and Tucker whereby the former would ship to the latter certain cattle, taking a mortgage to secure the purchase price with the understanding that the plaintiffs were to withhold the mortgage from record until Tucker could dispose of part or all of the cattle, accounting to them for the proceeds; and further held that the negotiations and agreements between the plaintiffs and Tucker might be shown, even though contrary to the terms of the mortgage, in an action by the mortgagee against third persons; and that a waiver of the mortgage might be established by showing the facts surrounding the transaction or by evidence of a course of dealing. The extent to which the course of dealing between the plaintiffs and Tucker affected the views of the court on the subject of waiver does not fully appear in the opinions. But, under all the facts in those cases, it is certain that the mortgages could not, at least as to third parties, operate in præsenti. When given they were to operate upon cattle to be subsequently shipped into the state of Iowa and which never in fact reached the destination and location employed in the descriptive clauses of the mortgages. Manifestly, it is one thing to qualify the operation of a mortgage that is to some extent executory by showing a course of dealing which will affect the attaching of the lien, and quite a different matter to show a course of dealing or a parol arrangement contrary to the terms of a mortgage which attaches in præsenti the moment it is executed.

Whether a contemporaneous waiver or prior negotiations might properly have been shown under the facts in the Iowa cases, we need not determine nor question, but, for the reasons hereinbefore stated, we are clearly of the opinion that the broad rule laid down in those cases that the parol evidence was admissible because the action was between the mortgagee and subsequent purchasers of the property, rather than between the mortgagee and the mortgagor, is not tenable.

It may not be amiss, in conclusion, to state the record facts in the

instant case concerning the defense of waiver. They are as follows: In the answer the defendant pleaded certain facts as constituting a waiver of the mortgage, the facts relied upon being the parol understanding at the time of the execution of the mortgage that it should not operate upon the crop. Upon the trial evidence of this understanding was offered and received. In addition to this, however, the defendant sought to show a conversation between Robinson and Buckley, occurring about the middle of October, 1922, wherein the prospective sale of the flax was discussed and an understanding reached that it should be sold by Robinson who should make certain payments on his indebtedness to the bank. It was expressly stated that it was not the purpose of the offer to establish any new waiver, but merely to corroborate the waiver "at the time or immediately previous to the making of the mortgage." For the reasons stated, we are of the opinion that the facts pleaded are not available as a waiver of the mortgage and that the court properly excluded the testimony with reference to the subsequent transaction of October, 1922, since it was offered merely as corroboration of the prior inadmissible understanding.

Since the oral agreement which preceded the sale was necessarily ineffective by reason of the parol evidence rule and by force of § 5889 of the Compiled Laws for 1913, and since there is no evidence of any executed oral agreement subsequent to the giving of the mortgage, or, for that matter, any evidence that the mortgagee had ever relinquished any advantage afforded by the instrument, it is clear, in our opinion, that there is nothing to support a waiver. In fact, the defendant's act of making its check payable to the mortgagor and mortgagee jointly is a persuasive admission of the continued existence of the mortgage.

It follows from what has been said that the judgment must be reversed.

This action has been twice tried. Apparently, all the evidence available has been either adduced or incorporated in offers of proof. From this we think it amply appears that the plaintiff is entitled to judgment as a matter of law. Hence, the order appealed from must likewise be reversed and judgment ordered non obstante. It is so ordered.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur.