[File No. 5955.]

CHARLES KITTELSON, Respondent, v. ALMOND W. COLLETTE, Appellant.

(240 N. W. 920.)

Opinion filed February 25, 1932.

*DePuy & DePuy;* for appellant.
*P. A. McClernan,* for respondent.

NUESSLE, J. This action is brought to recover damages for breach of a contract to transfer a house as a part of the purchase price of an automobile.

The plaintiff was an automobile dealer. The defendant, a farmer, wanted to buy an automobile, and of course plaintiff was eager to sell him one. Defendant had a house and lot, so they dickered. Together they inspected the house. Finally, plaintiff agreed to sell and defendant to buy a car at the price of $970, $320 to be paid in cash, or its equivalent, and the plaintiff to take the house (without the lot) for the remainder of the purchase price. On the 16th of March, 1926, the deal was made and the plaintiff wrote out and defendant signed a memorandum thereof, as follows:

"March 16, 1926.
"(sold to Almond Collette
"(salesman) Chas. Kittelson.

"One Lando Chevrolet Sedan complete, one extra motor meter, 2
   Bumpers and license ...............................$970
"House complete ....................................... 650
"Bal. due when Chevrolet Lando Sedan delivered ........... $320
"Almond Collette."

This memorandum was in the handwriting of Kittelson, with the exception of those portions thereof in parentheses and defendant's signature. At the time the transaction was agreed upon the house was occupied by defendant's tenant. At the suggestion of the plaintiff the defendant notified the tenant to vacate, and he did so. On March 29, defendant sold the lot on which the house was situated to one P. and executed and delivered his warranty deed therefor. The considera-

tion was $65. Defendant advised P. he had sold the house to Kittel-son but no mention of the fact was made in the deed. Some time in April one T. moved into the house with the permission of Kittelson and without the knowledge of the defendant. On May 1, defendant paid the $320 cash, or its equivalent, and took the automobile. In August, P. sold the lot for $65 to one C. and executed and delivered a warranty deed therefor. He in turn advised C. that the house had been sold and belonged to the plaintiff but no mention of this fact was made in the deed. T. continued to occupy the house with the plaintiff's consent until the spring of 1928. In the meantime, Kittelson told various people he owned the house. He tried to sell it. He negotiated to have it moved from the lot on which it stood to Grafton, some distance away. He could not move it when he bought it since that was in the spring of the year and the ground was wet and soft, and for one reason or another did not move it later. In 1928, T. moved out and C., who had bought the lot from P., moved in. C. did this without the knowledge or consent of either plaintiff or defendant. Plaintiff thereafter demanded that he vacate, but he refused to do so. Plaintiff then saw the defendant about the matter and told him that C. refused to vacate, and defendant said he would talk to C. and see if he could get him to do so, but C. continued in the house. Plaintiff tried to sell the house to C. but the parties were unable to agree upon the price and no sale was consummated. Thereafter plaintiff learned that the defendant had sold the lot to P. and P. in turn to C. and that in each case warranty deeds had been executed containing no reservations of the house. Then he brought this action to recover $650, the value of the house. The facts as above stated appear in the record either by evidence introduced or by offers of proof on the part of the defendant. On motion of the plaintiff the court directed the jury to return a verdict in his favor. The jury did so over the objection of the defendant and judgment was entered thereon. Hence this appeal.

During the course of the trial the trial court ruled that the house was a part of the real estate; that the deeds to the real estate executed by defendant to P. and by P. to C. evidenced the transactions between the several parties thereto; that the parol evidence rule applied and that oral reservations of the house made by the defendant when he sold to P. and by P. when he sold to C. could not be shown. Acting

on this theory the court directed the jury to return a verdict for the plaintiff.

The question thus presented is a narrow one; that is, as to whether, notwithstanding there was nothing in the deeds to indicate that the transfers thereby made were of the land alone and that the building thereon was reserved, parol evidence could be offered to establish these facts. It seems to us that the trial court erred in ruling that this could not be done under the circumstances as here disclosed. As between the defendant and P. or between P. and C., if parties to a controversy in which the question arose, the parol evidence rule would, of course apply. Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49. But this rule applies only to parties and privies and where a controversy arises between a party to a written contract and one who is neither a party to it nor privy to one who is the rule excluding parol evidence to explain, modify, or contradict the writing does not apply. See State Bank v. Burke, 53 N. D. 777, 208 N. W. 115; 10 R. C. L. 1020. "In such case neither the party nor the stranger to the contract is bound by the rule excluding parol evidence." Roberts v. First Nat. Bank, 8 N. D. 474–483, 79 N. W. 993. Buildings or other fixtures annexed to land may by agreement of the parties interested be considered and dealt with as personal property. See Myrick v. Bill, 3 Dak. 284, 17 N. W. 268; Russell v. Meyer, 7 N. D. 335, 342, 47 L.R.A. 637, 75 N. W. 262; Mathews v. Hanson, 19 N. D. 692, 124 N. W. 1116; Newell v. McMurray, 51 N. D. 901, 201 N. W. 845; Foster v. Mabe, 4 Ala. 402, 37 Am. Dec. 749; Tyson v. Post, 108 N. Y. 217, 2 Am. St. Rep. 409, 15 N. E. 316; 26 C. J. 691, et seq.; 27 C. J. 195, et seq.; 11 R. C. L. 1066. When by agreement the house in question was considered as personal property as between plaintiff and defendant and sold as such to the former by the latter, then as between them and all others having notice of their agreement it was personal property. Russell v. Meyer, 7 N. D. 335, 47 L.R.A. 637, 75 N. W. 262, supra; Newell v. McMurray, 51 N. D. 901, 201 N. W. 845, supra; note in 84 Am. St. Rep. 893. And the title passed at once. 1925 Supp. §§ 6002a18, 6002a19; Breden v. Johnson, 56 N. D. 921, 219 N. W. 946; Boscobel v. Muscoda Mfg. Co. 175 Wis. 62, 183 N. W. 963. So if subsequently when the lot on which the house was situated was conveyed by the defendant and later by his grantee the respective grantees

had notice that theretofore the house had been sold as personal property to the plaintiff, so far as they were concerned it was personal property and plaintiff would be entitled to recover it as such. It is clear that there was evidence to go to the jury touching these questions.

Accordingly the judgment must be reversed and a new trial ordered.

CHRISTIANSON, Ch. J., and BURR, BIRDZELL and BURKE, JJ., concur.