Laura ZIMMER and Herbert Zimmer,
Plaintiffs and Respondents,

v.

Adam BELLON, Defendant and Appellant.

Civ. 8385.

Supreme Court of North Dakota.

Oct. 19, 1967.

Rehearing Denied Nov. 15, 1967.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for plaintiffs and respondents.

William R. Mills, Bismarck, for defendant and appellant.

DOUGLAS B. HEEN, District Judge.

This is an appeal from a judgment in an action to recover possession of personal property or for a judgment for its value. A sale of three quarters of land located in Stutsman County, North Dakota, by plaintiff Mrs. Laura Zimmer to defendant Adam Bellon gave rise to this controversy.

Prior to the sale of these lands to the defendant, Mrs. Zimmer had engaged in the business of milk production. In the course of this enterprise, considerable equipment relating to that business had been installed in or affixed to the barn. Also on the premises and resting on a foundation consisting of railroad ties, was a small dwelling claimed by plaintiff Herbert Zimmer, son of Mrs. Laura Zimmer, as his separate property, he having furnished the lumber and materials for its construction, in which he

was assisted by other members of the Zimmer family.

On August 17, 1966, a memorandum of the transaction was prepared in the handwriting of Mrs. Zimmer, defendant Bellon assisting in the choice of its language, as follows:

"Sold to Adam Bellon 480 acres S.E. ¼ and North ½ of Section 10–140–66 at $50.00 per acre.

"The Taxes and the Land Contract shall be decuted (sic) from the 50.00 per acre. I gave Mr. Bellon the land contract to be examined.

"/s/ Laura Zimmer
"/s/ Adam Bellon"

Mrs. Zimmer executed a warranty deed dated September 3, 1966, conveying the real property to defendant Bellon, there being no exceptions recited in the conveyance which did set forth that the premises " * * * are free from all encumbrances, except mortgage owing to the State of North Dakota which the purchaser will assume." The language of the deed discloses that the consideration was "Ten Dollars and other good and valuable consideration."

In vacating the premises, the plaintiffs removed a well motor, milking equipment including a motor and pump, light bulbs and fuses, and, at a cost of some damage to the barn, a ventilating fan, a bulk milk tank, and twelve stanchions. Attempted removal by the plaintiffs of the Herbert Zimmer house, of a wagon, a gas tank, and 225 bales of barley hay—such number established by the jury's verdict—was prevented by the defendant, who strenuously objects to plaintiffs' retention of those items so obtained by the plaintiffs as above outlined. Because of this dispute, the defendant withheld payment of an acknowledged final remaining balance of $450.98 to Mrs. Zimmer, which was due following final adjustment of the mortgage principal and interest assumed by the defendant buyer.

By this action, plaintiff Mrs. Zimmer seeks to gain possession of the personal

property in dispute held by defendant Bellon, or to be awarded judgment for its value, and for the remaining balance of the sale price; plaintiff Herbert Zimmer asks judgment for possession of the house claimed by him as his separate personal property, or for its value; while defendant Bellon has counterclaimed asking damages for loss of fixtures which he claims should not have been taken by the Zimmers.

On demand by the plaintiffs, all issues of the case were submitted to a jury. At this point it is to be noted that this action was one for possession of personal property or for the recovery of money only, and was properly triable to a jury as a matter of right, timely demand having been made therefor. First Nat. Bank of Dickinson v. Kling, 65 N.D. 264, 257 N.W. 631; Kilgore v. Farmers Union Oil Co. of Epping, 74 N.D. 640, 24 N.W.2d 26.

During trial, the plaintiffs over defendant's objection adduced considerable testimony that certain fixtures and the Herbert Zimmer dwelling were excepted from conveyance of the premises as a result of conversations with the defendant preceding or accompanying execution of the written memorandum of sale and execution and delivery of the warranty deed by Mrs. Zimmer to the defendant. Admission of these conversations, so the defendant argues, does violence to the parol evidence rule which precludes parol evidence to vary, modify or contradict a written contract.

Defendant Bellon, on the other hand, in his testimony denied there was any agreement, oral or written, excluding fixtures from the sale, and further, since there were no exceptions or exclusions noted in either the written memorandum or in the deed, he claims to be the rightful owner of the Herbert Zimmer dwelling and rightfully entitled to possession of all fixtures here in question.

The jury returned a special verdict finding that the dwelling here involved was the separate property of plaintiff Herbert Zimmer; that the stanchions and well motor were fixtures passing to the defendant by operation of the warranty deed; and that the various other items of personal property were not affected by sale and conveyance of the premises and remained the separate personal property of plaintiff Laura Zimmer. Values of the various items in dispute were fixed by the jury as a part of its special verdict.

An interlocutory judgment was entered upon the verdict to enable the parties to deliver or to restore to the other party such personal property and fixtures as by the jury verdict were found to be properly the property of such other party; otherwise a money judgment would be entered. Subsequently, such a final money judgment properly was docketed. Smith v. Willoughby, 24 N.D. 1, 138 N.W. 7; 46 Am.Jur., Replevin, Section 122, page 67.

The defendant's notice of appeal asks trial de novo in this court. However, in argument on this appeal, the defendant-appellant orally withdrew his demand for trial de novo. In this connection it should be remarked that the defendant is not entitled to trial de novo in any event, and even if demanded in the notice of appeal. This being a jury case, our review is limited to errors assigned or apparent on the face of the judgment roll, and sufficiency of the evidence supporting the jury's verdict is not in issue and will not be considered. Kemmer v. Sunshine Mut. Ins. Co., 79 N.D. 518, 57 N.W.2d 856; 28–18–09 NDCC; 28–27–32 NDCC.

On this appeal, the defendant-appellant assigns three specifications of error. The defendant in appealing has the burden not only of establishing that the trial court erred in its rulings during trial or in its instructions to the jury, but further must show that such error prejudiced the cause of the appellant. Teegarden v. Dahl, N.D., 138 N.W.2d 668; Maier v. Holzer, N.D., 123 N.W.2d 29.

■ The first assignment of error is that the trial court prejudicially erred in admitting into evidence the testimony relating to oral exclusion of fixtures and dwelling from the conveyance of the real property to which such fixtures were attached and upon which the house was situated. Defendant contends that a contract in writing—it is his argument that the written memorandum and deed comprise the written contract—supersedes all oral negotiations or stipulations concerning its matter which preceded or accompanied execution of the written agreement. 9–06–07 NDCC.

Section 9–06–07, NDCC, reads as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

This is not a mere rule of evidence or of contract interpretation, but is substantive law. Hanes v. Mitchell, 78 N.D. 341, 49 N.W.2d 606, 608, and 4 Williston on Contracts, 3rd Ed., Section 631, page 948, et seq.

■ As it is generally expressed, the parol evidence rule prohibits the varying or contradicting of a written contract by extrinsic evidence in the absence of fraud, mistake or accident; and the integrated contract—that is, the written contract—is sole evidence of the agreement of the parties. Hanes v. Mitchell, supra; Ives v. Hanson, N.D., 66 N.W.2d 802. In this case there is no allegation or proof of fraud, mistake or accident whereby the impact of the parol evidence may be avoided by these recognized exceptions to the parol evidence rule.

Briefly, the plaintiffs argue as follows: that the parol evidence rule does not apply to contracts resting partly in writing and partly in parol; that parol evidence is admissible to prove additional oral agreements if the writing was not adopted by the parties as the whole contract—that is, if the written contract was incomplete—

and in this connection point to the insufficiency of material terms relating to price and time of payment; that whether a writing comprises the complete and final agreement of the parties is a jury question; and accordingly, the jury here having found the contract to be partly written and partly oral, that such verdict is conclusive of the issue. In support of these arguments, plaintiffs cite, and rely upon mainly, Odegaard v. Investors Oil, Inc., N.D., 118 N.W.2d 362; Heinzeroth v. Bentz, N.D., 115 N.W.2d 611; Hoth v. Kahler, N.D., 74 N.W.2d 440; and Baldus v. Mattern, N.D., 93 N.W.2d 144.

■ Doubtless in an appropriate case, it is correct, as claimed by the plaintiffs, that a memorandum of a contract to be sufficient under the statute of frauds may consist of any kind of document or documents, taken singly or together, if the terms of the contract are adequately disclosed thereby and if signed by the party to be charged with the contract. Goetz v. Hubbell, 66 N.D. 491, 266 N.W. 836; Hoth v. Kahler, supra; 9–06–04 NDCC. This general statement of the law, however, does not apply to this case, the issues of which involve a deed made in full execution of a memorandum of sale, rather than the enforceability of an executory contract.

"As a general rule * * * a deed made in full execution of a contract of sale of land merges the provisions of the contract therein, and this rule extends to and includes all prior negotiations and agreements leading up to the execution of the deed, all prior proposals and stipulations, and oral agreements, including promises made contemporaneously with the execution of the deed. * * * Accordingly, although the terms of preliminary agreements may vary from those contained in the deed, *the deed alone must be looked to for determination of the rights of the parties, in the absence of fraud or mistake, * * *.*" (Emphasis supplied.) 26 C.J.S. Deeds § 91c, page 842.

Cf: State Bank of Ardock v. Burke, 53 N.D. 777, 208 N.W. 115; Johnson v.

Kindred State Bank, 12 N.D. 336, 96 N.W. 588.

■ Generally, a parol exception of fixtures will not preclude the passing of fixtures with conveyance of the land. 14 A.L.R. 1287; 136 A.L.R. 1286; 22 Am.Jur., Fixtures, Section 19, page 730; Cf. Kittelson v. Collette, 61 N.D. 768, 240 N.W. 920. In this case, the plaintiffs successfully in trial court lessened or avoided the prohibition of this rule, on the ground that the deed's statement of consideration was incomplete, and that the testimony of oral exclusion of fixtures from the deed was a part of the full consideration, and so admissible as an exception to the parol evidence rule. A deed is a written contract, and as between plaintiff Laura Zimmer and defendant Adam Bellon, is subject to the parol evidence rule. Alsterberg v. Bennett, 14 N.D. 596, 106 N.W. 49; 23 Am.Jur.2d, Deeds, Section 271, page 305. Resort may be had to parol evidence, however, to prove that actual consideration differs from that recited in the deed. Clark v. Henderson, 62 N.D. 503, 244 N.W. 314, 84 A.L.R. 347; Erickson v. Wiper, 33 N.D. 193, 157 N.W. 592. But this exception " * * * is never applied to the extent of permitting a party to show that the agreement was other than that set forth in the writing." Clark v. Henderson, supra, 244 N.W. p. 316. And even more specifically, the rule of Alsterberg v. Bennett, supra, precludes, under the guise of proving the consideration for a conveyance, an adding to or a taking from the other terms of the deed.

Examination of the evidence leads to the inescapable conclusion that here Mrs. Zimmer ostensibly, on the ground that the deed is incomplete in its statement of consideration, is endeavoring to prove something different than consideration, of which there is no indication or suggestion in the deed, and so seeks to impose other and further contractual obligations upon the defendant grantee. This was an attempt to show that the agreement of the parties was other than as set forth in the deed, and in direct contradiction thereto, by engrafting additional terms on the conveyance. It is clear from the cited authorities that, as between plaintiff Mrs. Zimmer and defendant Adam Bellon, parties to the warranty deed, testimony relating to any oral exclusion of fixtures from operation of the deed was inadmissible on trial of this case. Despite the erroneous admission of this evidence, we are of the opinion that the defendant in this instance was not prejudiced thereby.

■ Insofar as the testimony of conversations by or with the defendant pertained to the Herbert Zimmer dwelling, such evidence was correctly ruled admissible by the trial court. Plaintiff Herbert Zimmer was not a party to the warranty deed, nor was he in any sense of the word privy to Mrs. Zimmer, nor does he seek to enforce rights under the deed. As a stranger to the deed, Herbert Zimmer was not bound by the rule excluding parol evidence. Kittelson v. Collette, supra; 4 Williston on Contracts, 3d Ed., Sec. 647, p. 1154, et seq.

■ The defendant's second specification of error charges that the trial court erred in its instruction on the parol evidence rule as it affected the issues of the case. Examination of the record demonstrates that the instruction delivered by the trial court was substantially that as requested by the defendant in his requested instruction No. 7. A party cannot request an instruction and then be heard to claim error because it, or one substantially the same, was given. This assignment of error is without merit. Accordingly, whether the instruction given by the court was a correct statement of the law applicable to this case need not be considered. Hook v. Crary, N.D., 142 N.W.2d 140; Chezik v. Minneapolis, St. P. & S. S. M. Ry. Co., 56 N.D. 553, 218 N.W. 217; Davis v. Holy Terror Min. Co., 20 S.D. 399, 107 N.W. 374; Miller v. George F. Cook Constr. Co., 91 Ariz. 80, 370 P.2d 53; Vangemert v. McCalmon, 68 Wash.2d 618, 414 P.2d 617.

Defendant's third and final specification of error challenges the propriety and correctness of the trial court's instruction dealing with the effect of actual or constructive notice by the defendant of plaintiff Herbert Zimmer's claimed interest in the dwelling arising from the latter's possession and occupancy of the building.

An agreement between interested parties—that is, between a landowner and one occupying a building located on the premises—that the building shall be considered personal property imparts to that property the status of personalty. To the parties so agreeing, and to all others having notice of their agreement, the building is personal property. Kittelson v. Collette, supra. In disposing of a similar issue, the court in Newell v. McMurray, 51 N.D. 901, 201 N.W. 845, stated that,

"An agreement to give fixtures the legal character of personalty avails as against a purchaser of the land with notice thereof, actual or constructive. * * * Actual notice consists in express information of a fact. * * * A person is deemed to have constructive notice of a fact when he has actual notice of circumstances sufficient to put a prudent man upon inquiry as to the existence of such fact and who omits to make inquiry. * * * One who purchases with such notice is not a bona fide purchaser."

1–01–22 through 1–01–25 NDCC.

 The defendant argues that recognition of any rule that possession of a building is notice of the occupant's interest therein, will prove unduly burdensome to one purchasing the land upon which the building is situate. We are not impressed by this argument. A majority of jurisdic-

tions, and as we now do, hold that a purchaser of land is chargeable with notice of the interest of another, who at the time of purchase occupied or possessed buildings located on the purchased premises. 22 Am. Jur., Fixtures, Section 42, page 755; 74 A.L.R. 360, et seq.; Compare, Agricultural Credit Corp. v. State, 74 N.D. 71, 20 N.W. 2d 78. Whether under all existent circumstances a purchaser of real property has notice, actual or constructive, of an outstanding interest in buildings located on the purchased land is a question for jury determination. Newell v. McMurray, supra.

 While the trial court's instructions on the issue of notice, actual or constructive, of a possible outstanding ownership interest in the dwelling in question well could have been presented with more clarity, this Court is unable to say, in the light of the cited authorities, that the instructions as given were prejudicial to the defendant. It follows that the jury's verdict is conclusive of this issue.

After consideration, it is concluded that no error appears of record consistent with defendant-appellant's specifications of error which warrant reversal of the judgment. It follows that appellant's appeal is in all things dismissed and the judgment of the District Court is affirmed.

STRUTZ, C. J., and KNUDSON, ERICKSTAD and TEIGEN, JJ., concur.

Hon. WILLIAM L. PAULSON, deeming himself disqualified, did not participate, Hon. DOUGLAS B. HEEN, Judge of the Second Judicial District, sitting in his stead.