EMILY E. MAY, FOR THE USE AND BENEFIT OF CLAR-ENCE B. MAY, v. EDSON C. CUMMINGS, E. A. Perry, Thomas Baker, Jr., Will Freeman, and the William H. White Lumber Company.

(130 N. W. 828.)

**Mortgages — Foreclosure — Quieting Title.**

1. The holder of a mortgage upon real estate may maintain an action to foreclose the same, at the same time he is asserting title to the same premises under a quitclaim deed from the mortgagor.

**Mortgage — Foreclosure — Quieting Title — Election of Remedies.**

2. While foreclosing his mortgage in an appropriate action, he has the right to maintain an action to quiet title based upon his quitclaim deed, and it is error for the trial court to force him to elect between the two actions.

Appeal and Error — Invited Error.

 3. This error cannot be taken advantage of by the defendants, upon whose motion the plaintiff was forced to elect.

Opinion filed March 10, 1911.

Appeal from Cass county; *Pollock, J.*

Action by Emily E. May, for the use of Clarence B. May, against Edson C. Cummings and others. Judgment for plaintiff, and defendants appeal.

Affirmed.

*Turner & Murphy* and *E. H. Wright,* for appellants.

*M. A. Hildreth,* for respondent.

BURKE, J. By stipulation of the parties, this case was tried in the lower court at the same time and upon the same evidence as the case of Clarence B. May v. Cummings, (ante, 281, 130 N. W. 826.).

The defendant Cummings had bought of Clarence B. May a certain farm in Cass county, North Dakota, giving in payment therefor a mortgage for the entire purchase price. After some seventeen years' possession, Cummings had failed to reduce said indebtedness, and abandoned the farm to May. During his occupancy of the premises the other defendants herein had obtained against him certain judgments and one mechanics' lien. Those had attached to Cummings's equity in the land, but were inferior to the mortgage held by May. After the abandonment of the premises, and upon the request of Clarence B. May, Cummings gave a quitclaim deed to Emily E. May, a daughter of Clarence B. May, but without her consent or knowledge and upon no consideration from her.

Clarence B. May began an action to foreclose his mortgage, in his own name, and at the same time commenced this action in the name of his daughter for his use and benefit, to quiet title to the premises, and in each suit Cummings and the various lien and judgment holders were made defendants.

The defendants answered in each action by the same attorney, and the two actions were tried at the same time. Before any evidence was offered in the consolidated suit, the defendants asked the court to require the plaintiff to elect between his mortgage and the quitclaim

deed taken by his daughter for his use. This the trial court refused at first, but later on practically allowed. After the evidence was all in, the trial court ordered the plaintiff to elect in which of the two actions he desired judgment entered, and in compliance with this order and not otherwise, the use plaintiff dismissed the case at bar without prejudice. Judgment was then entered in his favor, ordering the mortgage foreclosed.

In this action the defendants have appealed and assigned as error the ruling of the trial court in allowing the use plaintiff to dismiss the suit without prejudice. It is their claim that the trial court should have proceeded to enter judgment upon the merits in this action, and that if it were to be dismissed the defendants were entitled to a dismissal with prejudice.

We have already held that May's mortgage was not merged in the quitclaim deed taken in his daughter's name. Clarence B. May v. Cummings, ante, 281, 130 N. W. 826. (1) May had the right to keep the two titles separate and distinct, and to maintain separate actions upon each. One action was to assert his claim under the mortgage, which was a first lien upon the land and good against all of the defendants. The second action was to quiet title as to Cummings, although it is hard to see how he expected to escape the liens and judgments. (2) However, it was his right to sue those people if he so desired. He was asserting this right in a proper action, when he was crowded out of court upon the motion of the defendants. Were it not for the motion and objection of the defendants, the trial court would have found the mortgage a first lien, the judgments and liens secondary, and the quitclaim deed third, such being the finding of the court in the other case.

(3) If there was error in the ruling appealed from, it was invited by the defendants, and they cannot complain. The order appealed from is affirmed.

All concur, except MORGAN, Ch. J., not participating.