E. R. WOOLRIDGE, Appellant, v. CASPER E. TORGRIMSON et al., and DEERING STATE BANK, Deering, N. Dak., and State Treasurer as Trustee for State of North Dakota, Respondents.

(229 N. W. 805.)

Opinion filed March 17, 1930.

*Albert Weber,* for appellant.
*Bagley & Johnson* and *P. H. Butler,* for respondents.

BURR, J. This action involves the priority of liens upon real estate, and the case is submitted on a stipulation of facts.

Defendant Torgrimson is the owner of the real estate and on November 1, 1923, he gave a mortgage thereon to the Bank of North Dakota to secure the payment of $5,000.00, which remains unpaid.

On April 24, 1924, T. gave a second mortgage thereon to the Deering State Bank to secure the payment of $2,434.36, which is still due.

After the recording of these mortgages T. bought from the plaintiff building material for a barn, and it is stipulated that "said barn was erected permanently upon said premises."

On May 11, 1928, the plaintiff perfected a mechanic's lien on the land for $409.93—the amount due for material remaining unpaid.

The plaintiff admits: that the mortgage to the Bank of North Dakota is the first lien on the land; that the mortgage to the Deering State Bank is the second lien on the land; and that his lien, so far as the land is concerned, is the third lien. However, he claims that, because the barn was erected after the mortgages were given and by means of the material which he furnished, his lien is a first lien on the barn.

The lower court held against this contention, and the plaintiff appealed.

The sole issue is whether, under the facts stated, the plaintiff has a lien on the barn superior to the lien of the mortgagees named.

Mechanics' liens were unknown at common law. They are purely creatures of statute. Every state in the union has now a mechanic's lien law. The statutes vary in their operation and extent. Hence decisions of other jurisdictions are not always of assistance to us. However, the general principle hereafter noted runs through all.

The mechanic's lien differs from the lien of an artisan in this, that ordinarily there can be no mechanic's lien unless there be a lien upon real estate; whereas the other is a lien upon personal property, generally dependent upon possession. Our statute makes two exceptions to this rule, which will be noted later.

Leaving out of consideration for a moment the two exceptions in our statute the general rule in all jurisdictions is there can be no mechanic's lien unless it attach to the real estate.

Hence it is that a mechanic's lien may attach to real estate even where the title to the land may be held by one, and the building be erected by another whose interest in the land is inferior to the former. This is based on the theory that the labor and material have given value to the property upon which they have been expended. Thus the landowner may find his land charged with the lien, even when not liable personally for the claim; and another find his interest in the land charged with the lien and himself personally for the claim; on the theory that it is not reasonable for the one to stand by and see the improvements in progress without objection on his part, and the other has incurred the debt. No part of the real property can be considered personal property unless

designated by statute, or in accordance with an agreement between the parties interested.

Under our statute fixtures, such as a barn, when permanently attached to the soil are part of the real estate. See §§ 5249 and 5251 of the Comp. Laws 1913. Being part of the real estate, even if affixed thereto after the execution of the mortgages, the barn became subject to the liens of the mortgages. The plaintiff does not deny this, but he claims that the mortgages, though liens so far as the barn is concerned, are inferior liens. He admits § 6815 of the Compiled Laws says: "A mechanic's lien shall be void against the owner or holder of any mortgage—whose mortgage—shall have been filed and recorded prior to the filing of record of the herein prescribed notice of mechanics' liens" but urges this has in mind the mortgage on the land only, referring to the condition as it existed when the mortgages were given, and does not consider the lien on buildings subsequently erected.

In Coddington v. Beebe, 31 N. J. L. 477, a mechanic's lien was sought against a floating dock. It was held that as the floating dock was neither a building nor a fixture there could be no mechanic's lien, because there was no real estate to which it could attach. "In order to subject a building to the lien law, the owner of the building must have some estate in the land on which it stands; unless this is so there can be no lien either on the land or the building." There are many cases which hold that where the description of the land is so imperfect that the land cannot be determined from the statement of the lien the attempted lien fails, as "a mechanic's lien cannot be maintained against the building when the lien against the land was filed through an inaccurate description." See Mayes v. Murphy, 93 Mo. App. 37. In Missouri a mechanic's lien may be had upon the building and one acre of ground upon which it stands requiring the acre to be described. In Ranson v. Sheehan, 78 Mo. 668, 674, it is said: "The lien on the building is made to depend on the lien on the acre of ground to prevent difficulties and embarrassments which would inevitably arise out of a construction that would permit one man to sell and own the building, while another owned the ground on which the building stood. The only case provided by statute for the removal of the building from the land by the purchaser under the mechanic's lien, being in the instance of prior encumbrances and mortgages, and in case of leaseholds, the in-

ference is that the legislature did not contemplate any other contingency under which the building might be separated from the land; and as without this right of separation the lien on the building alone would be of little avail, such separate lien was not in the legislative mind in enacting the statute."

We have now no statute permitting "separation" in the "instance of prior encumbrances and mortgages," and the matter of leasehold interest will be discussed later.

Unless there be these before mentioned exceptions to the general principle, it can be laid down as a general doctrine that no mechanic or materialman has a lien upon a building as distinct from the land upon which it stands. In Rees v. Ludington, 13 Wis. 277, 80 Am. Dec. 741, a dwelling house had been erected by one who had a contract for the purchase of the land upon condition that the purchaser would erect a valuable house, the vendor having a vendor's lien on the land. The purchaser thereafter had the building erected, received a deed and gave back a mortgage for the amount of the unpaid purchase price. Thereafter the mortgagee sought to foreclose the mortgage making the materialmen, who had filed liens, parties to the action. The court held that the "statute does not create any distinction between the employer's ownership of the building and his ownership of the land with which it is connected; and the former must follow the latter, unless it has been separated by the agreement of competent parties." The court held: "The mortgage is to be regarded as only a continuance of the vendor's lien in another form and has preference over" the mechanics' liens on the building.

Where one erects a building upon land for which he had only a written agreement for purchase, the building could not be charged with a lien for the material, in the absence of statutory provisions, for the simple reason that "he could not charge the building with a lien because he was not the owner of it" not being the owner of the land.

"If he [the one who purchased the materials] had had an interest in the building as personal property, the lien would not have attached; because his interest in the land, being that of a tenant at will only, could not be sold so as to make the lien effectual." See Hayes v. Fessenden, 106 Mass. 228, 231; Stevens v. Lincoln, 114 Mass. 476, 478.

Kellogg v. Littell & S. Mfg. Co. 1 Wash. 407, 25 Pac. 461, is a case

where a lien was sought, and when it was found the description of the land was inadequate the claim was urged that the lien would be good upon the building. The court held, however:

"It follows that there could be no foreclosure of any interest in the land upon which the building was erected because of such insufficient description. The notice of the lien described the building into which the material went so that it might properly be identified; and, if a lien can be maintained upon a building, as such, separate from any interest in the land upon which it is situated, then the decree of foreclosure in this case might be sustained so far as it relates to the building, and would only have to be modified so as to cover that and nothing more. Such a lien can only be maintained when the statute in express terms so provides. Every case which we have been able to find holds that there can be no such lien without a statute expressly providing for a lien on the building separate from the land."

It follows then, naturally, that unless the statute gives a lien upon the building separate and distinct from the lien upon the land no mechanic's lien attaches to the building solely. The latter is part of the real estate; and the lien is a real estate lien. Some states like California make "a distinction between land and superstructure, the lien attaching primarily to the latter, and to the former only as it was embraced in a common ownership with the building." 17 Cal. Jur. 29, 30. This is not the general distinction with us.

In our statute there are two exceptions to the general rule. Section 6823 of the Compiled Laws of 1913 allows a mechanic's lien against the building, and the building may be sold and removed from the land to satisfy the lien, in a case where the one who erects the building has merely a leasehold interest in the land. The stipulation of facts in this case shows a leasehold interest is not involved.

The legislature in 1929 amended § 6823 so as to permit the removal and sale of the building in the manner claimed by the plaintiff. This law went into effect July, 1929; but the plaintiff does not claim this amendment applies—not being the law in force at the time the various liens against this real estate attached.

Under the provisions of § 6824 of the Compiled Laws, where material is "furnished for the erection or construction of any building or improvements upon lands held or occupied under a filing under any

of the land laws of the United States, and by virtue of any contract with the party so holding or occupying said lands," the materialman or the laborer has a lien upon such building or improvement for the value of the work and labor, or materials so furnished, and may enforce the lien by having the building sold on execution and removed from the land. However, under the stipulation of facts this exception is not involved. These are the only exceptions in our statute.

Prior to 1901 our mechanic's lien law provided for a lien on the building superior to a mortgage on the land, and permitted sale and removal of the building. At times out statute provided for the sale of the property and the division of the proceeds in proportion to the value of the land and of the erection in order to give the materialman or laborer the equivalent of a first lien on the building. By 1905 these laws were repealed and, in general, our present law came into being. The repeal of such laws rendered many cases decided thereunder of no authority for the present situation, except so far as provisions of law were continued. The rule is well stated in 40 C. J. 303: "In the absence of an applicable statute providing otherwise an encumbrance upon the land, existing before a building is commenced, attaches to the building as it progresses, and is entitled to priority, as to the building as well as the land, over mechanics' liens arising out of the construction of the building."

The plaintiff having dealt with the owner of the land and having furnished material for the erection of a building on the land is presumed to know that his lien attaches to the interest only which the owner has in the land. If it be merely a leasehold interest he knows he may have the building sold and removed. If the material be furnished for a building on an unproved homestead held under the United States land laws, he knows he may do the same. Dealing with the owner of land he knows he will have a lien on the whole of the owner's interest in the real estate including the building. If the interest of the owner be subject to mortgages he knows his lien attaches "only to the interest of the owner of the land, and the owner of such lien by the foreclosure thereof acquires only the interest of the owner of the land. Prior mortgages duly recorded are superior to the lien and to any title thereunder." Bovey-Shute & Jackson v. Odegaard, 53 N. D. 871, 208 N. W. 111. See also Viker v. Biggs, 53 N. D. 858, 868, 208 N. W. 387.

Torgrimson being the owner of the land, and the land being subject to the two mortgages, the mechanic's lien attached to the real estate, including the building, subject to these mortgages. The decision of the trial court finding the mortgage of the Bank of North Dakota a first lien, the mortgage of the Deering State Bank a second lien, and the lien of the plaintiff the third lien upon the land and the building is correct, and is therefore affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL and CHRISTIANSON, JJ., concur.