[File No. 6362.]

.JOHN GRAY, State Treasurer as Trustee for the State of North Dakota, Respondent, v. FRIEDRICH KRIEGER, Ottilge Krieger, The Union Bank of Dunn Center, Dunham Lumber Company, a Corporation, and John T. Hanson.
DUNHAM LUMBER COMPANY, a Corporation, Appellant.

(262 N. W. 343.)

116

Opinion filed August 16, 1935.   Rehearing denied September 17, 1935.

*Hyland & Foster,* for appellant.

*P. H. Butler* and *Robert Birdzell,* for respondent.

Morris, J. This is an action to foreclose a real estate mortgage executed by Friedrich Krieger and Ottilge Krieger, covering the E½ of the SE¼ of section 24, township 146, range 94, Dunn county,

North Dakota and other lands, running to the Manager of the Bank of North Dakota who assigned the mortgage to the plaintiff. The mortgage is dated January 12, 1927 and was recorded in the office of the register of deeds of Dunn county, on January 22, 1927. At the time of the execution of the mortgage an excavation for a basement had been made on the premises. In 1928 the Kriegers purchased lumber and building material from the appellant, Dunham Lumber Company. They built a seven room house on the excavation above mentioned using the material purchased from the Dunham Lumber Company, lumber obtained by tearing apart a house 18 by 24 feet in size bought from one Torgerson, and also material from an old house upon the mortgaged premises the size of which is not disclosed by the record. The new house was erected upon a concrete and stone foundation. The Kriegers moved into it in 1928. On November 19, 1931, they executed a chattel mortgage on the house which was described as "one seven room house 28 by 34 feet" in favor of the Dunham Lumber Company to secure the sum of $1086.33 being the purchase price of the lumber bought from the appellant. Appellant was made a party defendant in the foreclosure action and answered by interposing a general denial and setting out its chattel mortgage as a superior lien on the house. The Dunham Lumber Company appeals from a judgment of foreclosure directing a sale of the mortgaged premises including the house.

The complaint seeks foreclosure for past due installments and taxes which are set out therein. It alleges non-payment and demands judgment for the balance due. The plaintiff proved the signatures of Friedrich Krieger and his wife on the note and offered it in evidence, together with the endorsements thereon. Appellant objected to the endorsements as being incompetent, immaterial and irrelevant, which objection was overruled. The appellant specifies this ruling as error and contends that in any event the plaintiff has failed to prove his cause of action since he offered no other evidence of the amount due than the note and endorsements. In support of this contention appellant cites the case of State Bank v. Carlton, 44 S. D. 199, 183 N. W. 119, which holds that where a complaint alleges non-payment a general denial is sufficient to raise an issue of fact as to payment. This court also reached the same conclusion in the case of Hughes v. Wachter (on re-

hearing), 61 N. D. 513, 238 N. W. 776, 100 A.L.R. 255, but also held that the burden rests upon the defendant to prove payment. The note was properly admitted as evidence of the indebtedness. The appellant could not complain of the admission of the endorsements since they tended to reduce the indebtedness shown on the face of the note and were in appellant's favor. The note made out a prima facie case for the plaintiff as to the past due installments and even though the issue of payment was raised by the general denial in the answer, the burden was upon the appellant to meet the proof thus adduced and prove payment.

The next question is whether or not the house became so affixed to the land upon which the plaintiff held a mortgage that it became a part of the realty and therefore a part of the plaintiff's security, or whether it remains personal property and is subject to the chattel mortgage. Section 5251, Compiled Laws 1913 defines fixtures,

"A thing is deemed to be affixed to land when it is attached to it by roots, as in the case of trees, vines or shrubs; or imbedded in it, as in the case of walls, or permanently resting upon it, as in the case of buildings; or permanently attached to what is thus permanent, as by means of cement, plaster, nails, bolts or screws."

In applying this and similar statutes, the courts look to the intention of the persons making the annexation, the manner in which the article or building is annexed, and its adaption to the use of the realty. In this case the house was annexed to the real estate by a stone and concrete foundation which would tend to establish the house as a part of the real estate. A house is also an integral part of a farm plant and is necessary to the operation thereof. These features, however, are not necessarily controlling. The intention of the parties must be considered. Buildings may by agreement of the parties interested be considered personal property. Kittelson v. Collette, 61 N. D. 768, 240 N. W. 920; Newell v. McMurray, 51 N. D. 901, 201 N. W. 845; Mathews v. Hanson, 19 N. D. 692, 124 N. W. 1116. An examination of the record discloses the following testimony by Friedrich Krieger regarding the permanency of the building,

A. "Yes, I built it that way to stay there. I was figuring to have it for my own."

and again the same witness testified regarding the house.

Q. "And it was there to stay all the time?

A. "Yes, that is what I was figuring on when I was building it."

The record contains no testimony whatever to show that any agreement was made between Krieger and the Dunham Lumber Company at the time the lumber was purchased to the effect that the lumber or the house of which it became a part should remain personal property. The appellant offered to prove that the Kriegers on November 19, 1931 stated to the Secretary and Treasurer of the Dunham Lumber Company that the house described in the chattel mortgage "was the property of the Dunham Lumber Company until this lumber was paid for." The offer of proof was rejected by the court and such rejection is assigned by the appellant as error. The offer was properly rejected. It is not proof of any agreement made at or before the time of annexation that the house was to remain personal property or be the property of the Dunham Lumber Company. Neither is the fact that the Kriegers executed a chattel mortgage on the house in 1931 substantial evidence of such agreement. It may be noted that Friedrich Krieger testified in this case but gave no testimony regarding such agreement. The annexation was made in a permanent manner. The house was adapted to the general usage of the farm. Both of these elements tend to establish it as a fixture and a part of the real estate. The only thing that could keep it from becoming a part of the real estate under such circumstances would be a definite agreement that it was to remain personal property. Since no such agreement is shown it is apparent that the mortgage of the plaintiff attached to the house during its process of construction. Woolridge v. Torgrimson, 59 N. D. 307, 229 N. W. 805. The plaintiff's lien which had thus attached to the house could not be divested by the execution of a chattel mortgage three years later. The trial court correctly found that the house is permanently attached to the real estate and constitutes a part thereof and is subject to the lien of plaintiff's mortgage.

The appellant offered in evidence a quitclaim deed from the Kriegers to the plaintiff, dated March 9, 1932, for the purpose of showing merger of the title and plaintiff's mortgage. The court sustained an

objection thereto. The appellant assigns the court's ruling as error. The deed is before us as a part of the record, and it provides,

"It is agreed that the mortgage given to the Manager of the Bank of North Dakota, and by him assigned to the second party, now of record covering said premises, shall not merge with this conveyance."

Since this is a trial de novo we will consider the deed and determine its effect. Whether or not the mortgage and deed merge the interests of the parties is largely a matter of intent. May v. Cummings, 21 N. D. 281, 130 N. W. 826; Rouse v. Zimmerman, 55 N. D. 94, 212 N. W. 515; Hamilton v. First State Bank, 57 N. D. 143, 220 N. W. 644, 12 Am. Bankr. Rep. (N. S.) 393. The deed expressly states that there shall be no merger and there are no other facts or circumstances which tend to controvert this recital. It is clear that the parties to these instruments intended that the title and the lien should not merge.

The appellant further contends that even though there be no merger the plaintiff, as owner of the title and the mortgage lien, cannot maintain a foreclosure action. This contention is without merit. Where there has been no merger the holder of a mortgage may maintain an action to foreclose the same even though he holds a quitclaim deed to the mortgaged premises from the mortgagor. May v. Cummings, 21 N. D. 287, 130 N. W. 828.

Affirmed.

BURKE, Ch. J., and NUESSLE, BURR and CHRISTIANSON, JJ., concur.