Mike L. ELLSWORTH and Maxine J. Ellsworth, Defendants-Appellants,

v.

HOMEMAKERS FINANCE SERVICE, INC., Plaintiff-Appellee.

No. 1–480A102.

Court of Appeals of Indiana, First District.

August 11, 1981.

Arthur H. Northrup, Indianapolis, Melvin R. Lind, Lind, Deckard & O'Brien, Danville, for defendants-appellants.

Richard M. Malad, William T. Rosenbaum, Dillon, Hardamon & Cohen, Indianapolis, Russell M. Webb, Jr., Palmer, Hinkle, Keck & Webb, Danville, for plaintiff-appellee.

NEAL, Presiding Judge.

This is an appeal by defendants-appellants, Mike L. Ellsworth and Maxine J. Ellsworth (Ellsworths) from an adverse judgment entered in the Hendricks Circuit Court favoring plaintiff-appellee Home-

makers Finance Service, Inc. (Homemakers) in a mortgage foreclosure suit.

We affirm, in part, and remand, in part, with instructions.

## STATEMENT OF THE FACTS

Ellsworths procured a loan from Homemakers to finance improvements to their real estate, and executed a note and mortgage on the real estate as security therefor. Because of health problems, Ellsworths could no longer make the payments on the note. They tendered a deed to the mortgaged premises to an agent of Homemakers, which contained a recital to the effect that by its acceptance of the deed Homemakers agreed to release Ellsworths from further liability on the note. Homemakers declined to accept the deed under those conditions and subsequently filed a suit for judgment on the note, and to foreclose the mortgage. The trial court initially entered judgment against Homemakers for the reason that the conveyance of the deed was accord and satisfaction and the obligations under the note were satisfied by the purported conveyance of the fee to Homemakers. Upon appeal, this court in *Homemakers Finance Service, Inc. v. Ellsworth,* (1978) Ind.App., 380 N.E.2d 1285, reversed the holding of the trial court and held that whether accord and satisfaction had occurred was a matter of agreement, and there was no agreement here. The court specifically stated, "We need not express an opinion on whether the deed was accepted." Upon further proceedings, the subject of this appeal, the trial court found the sum of $110,117.38 was due and owing on the note, including attorney fees and interest; the trial court entered judgment accordingly. Relative to the mortgage and real estate, the trial court found Homemakers the owner of the real estate and held:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff is authorized to sell said real estate described herein and apply the proceeds of the sale toward the satisfaction of the judgment rendered herein."

## ISSUES

The three issues presented by Ellsworths are better understood against the backdrop of their argument. They concede title passed to Homemakers as the trial court's finding indicated. However, they contend the transfer was payment to some extent, and they should be permitted to prove the value of the real estate at the time of the transfer and get credit for that value against the judgment. Ellsworths insist they should not be forced to accept a credit determined by a foreclosure sale held at this time because the property has depreciated since 1977 when this action was commenced. They, therefore, contend the trial court erred in (1) ordering a sale when the mortgagee was the owner, (2) not considering the land at its value on the date of conveyance as payment in lieu of cash, and (3) not permitting Ellsworths to litigate the issue of value of the payment in kind.

## DISCUSSION AND DECISION

Under Ind.Code 34–1–53–1 to Ind.Code 34–1–53–11, and Ind.Code 32–8–11–1 to Ind.Code 32–8–18–1, Homemakers' rights, generally stated, were to file suit for (1) judgment on the note, and (2) foreclosure of the mortgage upon default by Ellsworths. Following entry of the judgment, the property would be sold by the sheriff under court order in accordance with the statutes. The proceeds would then be applied to the judgment and costs, and the overplus would be remitted to Ellsworths. Should a deficiency appear, the court would order a levy against other property of Ellsworths.

We view Ellsworths tender of the deed as a unilateral attempt to alter the statutory and contractual rights of Homemakers and deprive it of its right of foreclosure, sale, and deficiency assessment, if any. Ellsworths concede Homemakers is the owner of the mortgaged premises. No cross appeal has been filed by Homemakers, nor has any argument been presented by it to the contrary. We, therefore, accept as established that title passed by the deed. The prior appeal also established that no agreement existed to absolve Ellsworths from

deficiency liability under the note. The question, then, is whether the transfer of the mortgaged property to Homemakers, the mortgagee, has the effect of altering any of its rights to foreclosure. We think not.

■ Ellsworths correctly assert that ordinarily the mortgagee's acquisition of the fee simple title results in a merger of the mortgage and the legal title, thus vesting the mortgagee with the complete title, and extinguishing the mortgage. *Chase v. Van Meter,* (1894) 140 Ind. 321, 39 N.E. 455; *Poulson v. Simmons,* (1890) 126 Ind. 227, 26 N.E. 152; *Thomas v. Simmons,* (1885) 103 Ind. 538, 2 N.E. 203; *Cook v. American States Insurance Company,* (1971) 150 Ind. App. 88, 275 N.E.2d 832; 20 I.L.E. *Mortgages* § 202 (1959). However, merger does not necessarily follow from the acquisition of the land by the mortgagee where, for example, it would work an injustice or violate well established principles of equity. *Swatts v. Bowen,* (1894) 141 Ind. 322, 40 N.E. 1057; 20 I.L.E. *Mortgages* § 202 (1959).

■ Whether the conveyance of the fee to the mortgagee results in a merger of the mortgage and the fee depends primarily upon the intention of the parties, particularly that of the mortgagee. If that intention has not been expressed it will be sought for and ascertained from all of the circumstances of the transaction. If it appears from all of the circumstances to be for the benefit of the party acquiring both interests that merger shall not take place, but that the mortgage should be kept alive, then his intention that such result should follow will be presumed. *Egbert v. Egbert,* (1948) 226 Ind. 346, 80 N.E.2d 104; *Wayne, etc., Loan Assn. v. Beckner,* (1922) 191 Ind. 664, 134 N.E. 273; *Chase, supra*; 20 I.L.E. *Mortgages* § 203 (1959).

Though no Indiana cases have been found, it has been held that where a mortgagee, upon receipt of the conveyance of the fee, intends that no merger occur, he may foreclose his mortgage. *United States v. Joe Murray's Point Lookout, Inc.,* (1972) 342 F.Supp. 92; *Gray v. Krieger,* (1935) 66 N.D. 115, 262 N.W. 343; 59 C.J.S. *Mortgages* § 437 (1948). This is, of course, a necessary result. There would be no reason to prevent merger except to foreclose the mortgage, if necessary, to protect the mortgagee's interest.

■ Ellsworths, without request or agreement, tendered to Homemakers a deed containing a covenant which, upon acceptance by Homemaker, would have absolved Ellsworths from any further liability on the underlying debt. The obvious purpose of the tender was to escape a deficiency judgment. Homemakers refused acceptance, and has consistently pursued its original remedy of foreclosure and a deficiency levy in the event the sale of the mortgaged property fails to satisfy the judgment on the note. Clearly, it is in Homemakers' interest that merger not occur, and its actions, under all of the circumstances, support an intention that a merger not occur. We hold there was no merger of the mortgage into the fee, and Homemakers is entitled to foreclosure. To hold otherwise would permit a defaulting mortgagor to frustrate the clear statutory and contractual rights of a mortgagee by the simple expediency of the execution and delivery of an unwanted deed. Such a result is inequitable.

In support of their second and third contentions that they are entitled to a credit for the real estate to the extent of its value at the time of the conveyance, in lieu of a cash payment, Ellsworths cite as sole authority *Cook, supra.* That case stands for the proposition the conveyance of the fee, or equity of redemption, by the mortgagor to the mortgagee by agreement amounts to a payment in kind. We agree that such a conveyance could amount to a payment in kind if the parties agreed, as were the facts in *Cook.* Ellsworths essentially and erroneously contend that they, unilaterally, can alter the statutory and contractual rights of Homemakers under their note and mortgage. They have cited no authority for that contention and we can find none. *Cook* does not so hold.

■ We have held that Homemakers' right remained unchanged by the deed, and it is entitled to foreclosure. However, foreclosure must follow statutory procedure. The court erred when it authorized Homemakers to sell the mortgaged premises and apply the proceeds to the satisfaction of the judgment. A mortgagee is not permitted to sell mortgaged premises, but such sale shall be made by judicial proceeding. Ind. Code 32–8–11–3. The judgment of foreclosure shall order the mortgaged premises sold, Ind.Code 34–1–53–3, by the sheriff, Ind.Code 34–1–53–6, and the order of sale shall provide for a deficiency levy, Ind.Code 34–1–53–5. Procedure of sale is provided in Ind.Code 32–8–16–1. The proceeds of the sale shall be applied first to the payment of the judgment and any overplus shall be paid to the mortgagors. Ind.Code 34–1–53–10.

Absent an agreement between all interested parties this procedure must be followed. The court is ordered to amend its judgment and order the mortgaged premises sold in accordance with the mortgage foreclosure statutes outlined above. The judgment is in all other respects affirmed.

Affirmed and remanded with instructions.

ROBERTSON and RATLIFF, JJ., concur.