**NESDAHL SURVEYING & ENGINEER-ING, P.C., Plaintiff and Appellee.**

v.

**ACKERLAND CORPORATION, Julie Herzig, and Savario Vecchionne, Defendants and Appellants.**

Civ. No. 930043.

Supreme Court of North Dakota.

Oct. 28, 1993.

John Skowronek (argued), Lamont, Skowronek & Dobrovolny, Minot, for plaintiff and appellee.

Kenneth J. Horner, Jr., Smith, Horner & Bakke, Bismarck, for defendants and appellants; argued by L. Patrick O'Day, Jr.

NEUMANN, Justice.

Julie Herzig (Herzig), who is joined in this appeal by Ackerland Corporation (current property owner and mortgagor) and Savario Vecchionne (mortgagee), appeal from an order entered by the District Court for Ward County in an action initiated by Nesdahl Surveying & Engineering (Nesdahl) to enforce a mechanic's lien. The order enforced the lien, and awarded Nesdahl judgment in the amount of $4,039.00, together with interest and statutory costs. We affirm.

In April of 1991, Herzig contracted with Nesdahl for the performance of surveying services for a specific piece of rural property. She wanted to sell the property to satisfy a note due in November of 1991, and needed a legal description of the property in the form of an outlot plat that the Ward County Register of Deeds would accept for recording purposes. Although the surveying services were substantially begun, the survey was never completed. Nesdahl and his assistant located the section corners, dug them up, put ties on the section corners, and then buried the ties in the ground near the brass caps that they located. In addition to locating, excavating, and tying in all of the existing markers, survey stakes were driven into the ground.

Nesdahl was confronted with several obstacles in the course of surveying Herzig's property. The existing highway right-of-way did not conform to the recorded right-of-way plat, the railroad right-of-way information was not recorded and there was difficulty obtaining it from the Soo Line Railroad, and an abandoned highway right-of-way traversed the property. Although Nesdahl communicated to Herzig the problems he was facing as a result of these obstacles, she failed to give him sufficient guidance in how she wanted him to deal with them. No consideration was paid by Herzig for Nesdahl's services.

In December of 1991, Nesdahl filed and perfected a mechanic's lien in accordance with chapter 35–27 of the North Dakota Century Code. NDCC ch. 35–27 (1987 & Supp. 1993). On December 13, 1991, Herzig sold the property. In March of 1992, Nesdahl notified the appropriate parties of his intent to enforce the lien, and thereafter brought this action in district court. Herzig counterclaimed, contending that Nesdahl was in breach of the surveying contract due to his failure to provide Herzig with a completed survey within a reasonable time.

The district court found for Nesdahl in all respects, and judgment was ordered in the amount of $4,039.00, together with interest and statutory costs. The trial court found that pre-contract discussions occurred which amounted to nothing more than a non-binding estimate that these services would cost approximately $2,000.00 to $3,000.00; that surveying services were substantially begun, but never completed; and that this failure to complete the surveying services was due to no fault of Nesdahl, but rather was due to the lack of cooperation on the part of Herzig. Regarding Herzig's contention that time was of the essence, the trial court found that Herzig had failed to sufficiently establish this allegation. Furthermore, the court found that even if time was of the essence, Herzig's conduct was such that it prevented the prompt performance of the contract. This timely appeal followed.

Three issues are raised here for review: first, whether time was of the essence and a condition precedent in this contract; second, whether the district court awarded the correct amount of damages; and third, whether Nesdahl's survey work qualifies under the North Dakota mechanic's lien statute, chapter 35–27 of the North Dakota Century Code (1987 & Supp.1993).

## I. TIME OF THE ESSENCE

■ Herzig argues that the trial court erred in its finding that Herzig failed to carry her burden of establishing that time was of the essence in the performance of the contract. It is a well-established rule of law that "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness."

Rule 52(a), N.D.R.Civ.P.; *e.g., Herb Hill Ins., Inc. v. Radtke,* 380 N.W.2d 651 (N.D. 1986). We will not set aside the trial court's finding that time was not of the essence in this contract unless, after reviewing the evidence, we are left with a definite and firm conviction that the trial court made a mistake. *E.g., Rassier v. Houim,* 488 N.W.2d 635, 638-39 (N.D.1992). We are not left with such a conviction in this case because there is sufficient evidence in the record to support the trial court's finding that time was not of the essence in the contract between Herzig and Nesdahl.

## II. DAMAGES

■ Herzig's second contention is that the trial court erred in its determination of the amount of damages awarded in this action. As presented in this appeal, this second issue, like the first, is a factual question. The crux of Herzig's argument is that she should not be held responsible for any additional costs over the initial estimate of $2,000.00. In addition to focusing on whether or not it was reasonable that the bill exceeded this estimate, she also argues that, even if the bill was reasonable, Nesdahl was bound by the initial estimate. The record is sufficient to support the trial court's finding that the pre-contract discussions between Nesdahl and Herzig amounted to nothing more than a non-binding estimate. Furthermore, the record is sufficient to support the finding that

one of the salient problems encountered by Nesdahl, which not only prevented him from completing the contract, but further increased costs, was the lack of cooperation on the part of Herzig. As stated above, a trial court's findings of fact are not to be set aside unless clearly erroneous. Rule 52(a), N.D.R.Civ.P. We do not find these findings of fact to be clearly erroneous.

## III. MECHANIC'S LIEN

Lastly, Herzig argues that Nesdahl is not entitled to a mechanic's lien under chapter 35-27 of the North Dakota Century Code.[1] This argument is based upon the contention that the work performed by Nesdahl and his crew does not amount to an "improvement," nor is it land surveying completed in connection with an "improvement" as required by statute.[2] We disagree.

■ Statutory interpretation is a question of law, and is therefore fully reviewable by this court. *E.g., Zuger v. North Dakota Ins. Guar. Ass'n,* 494 N.W.2d 135, 136 (N.D. 1992). Our primary goal when construing a statute is to determine the legislative intent. *E.g., Kim-Go v. J.P. Furlong Enters., Inc.,* 460 N.W.2d 694, 696 (N.D.1990); NDCC § 1-02-02 (1987). When looking for the legislature's intent, the first place we are obligated to search is the language of the statute. *Kim-Go,* 460 N.W.2d at 696. Our state

1. North Dakota's mechanic's lien statute states:
   "*35-27-02. Persons entitled to mechanic's lien.* Any person who improves real estate by the contribution of labor, skill, or materials, whether under contract with the owner of such real estate or under contract with any agent, trustee, contractor, or subcontractor of the owner, has a lien upon the improvement and upon the land on which it is situated or to which it may be removed for the price or value of such contribution."
   NDCC § 35-27-02 (1987).

2. The following definitions apply to the North Dakota mechanic's lien statutes:
   "*35-27-01. Definitions.* In this chapter, unless the context or subject matter otherwise requires:

   \*   \*   \*   \*   \*   \*

   2. 'Improve' means to build, erect, place, make, alter, remove, repair, or demolish any improvement upon, connected with, or beneath the surface of any land, or excavate any

   land, or furnish materials for any of such purposes, or dig or construct any fences, wells, or drains upon such improvement, or perform any labor or services upon such improvement; or perform any architectural services, construction staking, engineering, land surveying, mapping, or soil testing upon or in connection with the improvement; or perform any labor or services or furnish any materials in laying upon the real estate or in the adjoining street or alley any pipes, wires, fences, curbs, gutters, paving, sewer pipes or conduit, or sidewalks, or in grading, seeding, sodding, or planting for landscaping purposes, or in equipping any such improvement with fixtures or permanent apparatus.
   3. 'Improvement' means any building, structure, erection, construction, alteration, repair, removal, demolition, excavation, landscaping, or any part thereof, existing, built, erected, improved, placed, made, or done on real estate for its permanent benefit."
   NDCC § 35-27-01(2), (3) (Supp.1993).

statutes require that, unless otherwise defined by the Code, words are to be given their plain, ordinary, and commonly understood meaning. NDCC §§ 1–02–02, 1–02–03 (1987); *Kim–Go,* 460 N.W.2d at 696. It is only when the language of a statute is determined to be ambiguous that extrinsic aids may be used to interpret the statute. NDCC § 1–02–39 (1987). Nesdahl argues that the mechanic's lien statute is ambiguous, and therefore we should look to the legislative history in order to determine the legislative intent. *See* NDCC § 1–02–39. Although the North Dakota mechanic's lien statutes arguably may be ambiguous in certain situations, when applied to the facts in the case before us, we find no ambiguity.

■ The North Dakota mechanic's lien law is remedial, and should be liberally construed to effectuate its purpose. *Salzer Lumber Co. v. Claflin, et al.,* 16 N.D. 601, 113 N.W. 1036 (1907). The object of the mechanic's lien statute is to protect those persons who improve real estate by the contribution of labor, skill, or materials. NDCC § 35–27–02.; *see also* NDCC § 35–01–02 (1987); *Pudwill v. Bismarck Lumber Co.,* 89 N.W.2d 424 (N.D.1958), *reh'g denied.* Nesdahl is one of those persons meant to be protected by our mechanic's lien law. For that reason we construe the mechanic's lien statute liberally with an eye to protecting him.

■ In order for Nesdahl to fall within the protection of the North Dakota mechanic's lien statute, he must have improved real estate by the contribution of labor, skill, or materials. *See* NDCC § 35–27–02. Herzig argues that the surveying services provided by Nesdahl do not fall within the definition of "improve" found in section 35–27–01 of the North Dakota Century Code. We disagree with Herzig's interpretation. It is uncontested that Nesdahl performed land surveying on the real estate. The question is whether that land surveying was done "in connection with [an] improvement," as required by section 35–27–01(2), NDCC. In the process of providing his surveying services, Nesdahl engaged in several activities which physically altered and affected Herzig's property. Nesdahl and his crew located the section corners, dug them up, put ties of number 5 rebar on

the section corners, and then buried those ties in the ground near the brass caps which they had located. In addition to locating all existing markers, Nesdahl and his crew also drove several survey stakes into the ground. We find that these surveying acts constitute "structure[s], erection[s], ... alteration[s], ... [and] excavation[s] ... placed, made, or done on real estate for its permanent benefit," and therefore constitute improvements as defined in section 35–27–01(3), NDCC. Therefore, Nesdahl's surveying was done "in connection with" improvements, satisfies the definition in 35–27–01(2), and is entitled to the protection of a mechanic's lien.

Herzig also argues that the surveying done by Nesdahl was not completed, and does not qualify as a permanent benefit to the real estate. The fact that the survey was never completed is irrelevant to our analysis of this appeal. The surveying acts performed by Nesdahl have the effect of permanently benefiting the real estate. *See Nolte v. Smith,* 189 Cal.App.2d 140, 146, 11 Cal.Rptr. 261, 267 (1961), *hr'g denied,* ("setting of permanent monuments in the ground, for land subdivision, following extensive engineering services, is ... the commencement of a 'work of improvement,' or 'improvement'...."); *Frank Pisano & Assocs. v. Taggart,* 29 Cal. App.3d 1, 20, 105 Cal.Rptr. 414, 426–27 (1972). The surveying work done by Nesdahl can be used to complete an outlot plat. Survey work in and of itself permanently benefits real estate. The work done by surveyors may benefit real estate in many ways. For example, the surveying done in conjunction with the creation of an outlot plat makes the real estate both more salable and recordable. In following the plain meaning of the word "benefit," both of these attributes act to the advantage, profit, or interest of the real estate. *See Black's Law Dictionary* 158 (6th ed. 1990).

We are not persuaded by Herzig's arguments and reliance on decisions from other jurisdictions. Unknown at common law, mechanic's liens are purely creatures of statute. *E.g., Woolridge v. Torgrimson et al.,* 59 N.D. 307, 229 N.W. 805 (1930); *Rolla Community Hosp., Inc. v. Dunseith Community Nursing Home, Inc.,* 354 N.W.2d 643, 647 (N.D.1984);

53 Am.Jur.2d *Mechanic's Liens* § 2 (1970). Although at one time there was a Uniform Mechanic's Lien Law, currently mechanic's lien laws of each of the states are known for the extent to which they vary from each other in both application and operation. *Woolridge,* 229 N.W. at 805; 53 Am.Jur.2d *Mechanic's Liens* § 7 (1970). It is due to this diversity that courts often reject decisions from other jurisdictions. *Woolridge,* 229 N.W. at 805; 53 Am.Jur.2d *Mechanic's Liens* § 7 (1970). Although we often find case law from other jurisdictions to be persuasive, it is not always of assistance because interpretation of the North Dakota mechanic's lien statutes is specific to our statute and legislative purpose. *See Woolridge,* 229 N.W. at 805.

For the above stated reasons, we affirm the judgment of the Ward County District Court. We deny Nesdahl's request for double his costs and reasonable attorney's fees.

VANDE WALLE, C.J., LEVINE and SANDSTROM, JJ., and MAURICE R. HUNKE, District Judge, concur.

MAURICE R. HUNKE, District Judge, sitting in place of MESCHKE, J., disqualified.