In re James M. CRAIG, Debtor.

Civil No. 950365.

Supreme Court of North Dakota.

April 3, 1996.

Roger J. Minch of Serkland, Lundberg, Erickson, Marcil & McLean, Fargo, for debtor; submitted on brief.

Douglas Alan Bahr, Attorney General's Office, Bismarck, for amicus curiae; submitted on brief.

NEUMANN, Justice.

Under Rule 47, N.D.R.App.P., the United States Bankruptcy Court for the District of North Dakota certified to this court the following question of law:

1. The statement of facts are derived from the bankruptcy court's Certification Order, which recited the facts relevant to the question certified.

"Is North Dakota Century Code § 28–22–03.1(3) insofar as it allows for the exemption without limit of life insurance policies, individual retirement accounts, KEOGH plans and simplified employee pension plans, constitutional under Article XI, section 22 of the North Dakota Constitution?"

We conclude subsection (3) of section 28–22–03.1, N.D.C.C., does not provide an unlimited monetary exemption for the personal property listed in the statute.

James M. Craig filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code on May 1, 1995.[1] Craig claimed exemptions under subsection (3) of section 28–22–03.1, N.D.C.C., for the following personal property: two life insurance policies valued at $5,427.46, an individual retirement account (IRA) valued at $17,864.35, a simplified employee pension plan (SEP) valued at $5,000.00, and a pension and profit sharing plan valued at $73,236.83.[2] The total value of the claimed exempt property is $101,528.64.

The trustee appointed to administer Craig's bankruptcy estate objected to Craig's claimed exemptions, arguing to the bankruptcy court that subsection (3) of section 28–22–03.1, N.D.C.C., was unconstitutional because the statute provided an unlimited monetary exemption for personal property in violation of Article XI, section 22 of the North Dakota Constitution, which permits an exemption for a "reasonable amount of personal property." Craig requested the bankruptcy court certify the question to this court. The bankruptcy court accommodated Craig's request.

Offering the same argument to this court, the trustee challenges the constitutionality of subsection (3) of section 28–22–03.1, N.D.C.C., asserting an unlimited monetary exemption is not reasonable under Article XI, section 22 of the North Dakota Constitution. Article XI, section 22 of the North Dakota Constitution states:

2. Craig also claimed some of the property as exempt under other North Dakota exemption statutes. This opinion, however, is limited to examining the statute cited in the certified question.

"The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families ... *a reasonable amount of personal property; the kind and value shall be fixed by law* .... "

N.D. Const. art. XI, § 22 (emphasis added). The trustee's argument that subsection (3) of section 28–22–03.1, N.D.C.C., provides an unlimited monetary exemption is predicated on the statute's punctuation—the placement of semicolons. Subsection (3) of section 28–22–03.1, N.D.C.C., provides:

"In addition to the exemptions from all attachment or process, levy and sale upon execution, and any other final process issued from any court, otherwise provided by law, a resident of the state may select:

\* \* \* \* \*

3. Pensions, annuity policies or plans, and life insurance policies which, upon the death of the insured, would be payable to the spouse, children, or any relative of the insured dependent, or likely to be dependent, upon the insured for support and which have been in effect for a period of at least one year; individual retirement accounts; Keogh plans and simplified employee pension plans; and all other plans qualified under section 401 of the Internal Revenue Code ... and section 408 of the Internal Revenue Code ..., and pension or retirement plans sponsored by nonprofit corporations or associations organized and operated exclusively for one or more of the purposes specified in 26 U.S.C. § 501(c)(3), and proceeds, surrender values, payments, and withdrawals from such pensions, policies, plans, and accounts, up to one hundred thousand dollars for each pension, policy, plan, and account with an aggregate limitation of two hundred thousand dollars for all pensions, policies, plans, and accounts .... "

N.D.C.C. § 28–22–03.1(3). The trustee contends the monetary limitation specified at the end of the statute ($100,000 and $200,-000) does not apply to the personal property preceding the semicolons (pensions, annuity policies or plans, life insurance policies, IRA's, Keogh plans and SEP plans) because, according to the rules of grammar and punctuation, a semicolon is used to separate independent clauses. Therefore, the trustee asserts, no monetary limits apply to the personal property, thereby violating the "reasonable amount" provision of the constitution.

Craig argues the semicolon has other proper usages, such as separating items in a series or separating long clauses that contain internal punctuation. These other usages indicate the monetary limitation applies to the personal property preceding the semicolons. Craig's proposed construction of the statute is that it lists the items of personal property that can be claimed as exempt, and then limits the exemption amount to $100,000 for each particular item with an aggregate amount of $200,000 for all exempted items. We agree with Craig.

A party challenging the constitutionality of a statute "must bring up the 'heavy artillery' ... or forego the attack entirely." *Swenson v. Northern Crop Insurance, Inc.* 498 N.W.2d 174, 178 (N.D.1993) (citing *Southern Valley Grain Dealers v. Bd. of Cty. Comm'rs.*, 257 N.W.2d 425, 434 (N.D. 1977)). The "heavy artillery" is necessary because a statute carries a strong presumption of constitutionality "unless [the challenger clearly shows the statute] contravenes the state or federal constitution." *MCI Telecommunications Corp. v. Heitkamp*, 523 N.W.2d 548, 552 (N.D.1994) (quoting *Haney v. N.D. Workers Comp.*, 518 N.W.2d 195, 197 (N.D. 1994)). This presumption is "so strong that a statute will not be declared unconstitutional 'unless its invalidity is, in [this court's judgment], beyond a reasonable doubt.'" *Id.* Further, this court must, when possible, resolve any doubt as to a statute's constitutionality in favor of its validity. *Id.*

As stated in the trustee's brief, the trustee's "heavy artillery" for challenging the constitutionality of subsection (3) of section 28–22–03.1, N.D.C.C., is the "lethal semicolon." Without ascribing less than earnest advocacy to the trustee, we conclude a statute's strong presumption of constitutionality

is not overcome with an argument based solely on a minute point of punctuation. The rules of grammar, which indicate proper usages of punctuation, are among the rules considered by this court when interpreting statutory language. *State v. Unterseher*, 289 N.W.2d 201, 203 (N.D.1980). However, the primary goal when interpreting a statute is to determine the legislative intent. *Nesdahl Surveying & Engineering v. Ackerland Corp.*, 507 N.W.2d 686, 688 (N.D.1993). A court looks for evidence of legislative intent in the language and the words of the statute. *Id.* Words have greater controlling force as evidence of legislative intent than punctuation. *City of Dickinson v. Thress*, 69 N.D. 748, 758–59, 290 N.W. 653, 658 (1940). Punctuation will not control the meaning of a statute when the words of the statute, considered as a whole, evidence a legislative intent that might be contrary to that suggested by the punctuation. *Id.*

■ We find no ambiguity in subsection (3) of section 28–22–03.1. Therefore, we look only at the face of the statute to determine legislative intent. *Nesdahl*, 507 N.W.2d at 688–89. Applying no particular semicolon usage rule, but rather, considering the words of the statute as a whole, we determine the legislature intended the monetary limitation phrase to apply to all the personal property listed in the statute, whether preceding or succeeding the semicolons. We are aided in this interpretation by the presumption that the legislature intends compliance with the North Dakota Constitution when it enacts a statute. N.D.C.C. § 1–02–38(1). The legislature's intention also is indicated by the words used in the limitation phrase. Instead of restating the list of personal property preceding the limitation phrase, the phrase groups the property into four categories, "pensions, policies, plans, and accounts," and limits *each* item to $100,000 with an aggregate limitation of $200,000 for *all* exempted items. N.D.C.C. § 28–22–03.1(3). The words, and phrases, in subsection (3) of section 28–22–03.1, N.D.C.C., are best harmonized with this interpretation.

Because we conclude subsection (3) of section 28–22–03.1, N.D.C.C., does not provide an unlimited monetary exemption, we need not determine whether the statute is constitutional. The certified question asked whether the statute's purported unlimited monetary exemption was reasonable under Article XI, section 22 of the North Dakota Constitution, not whether the statute's specified monetary limitation was reasonable under the constitution.

Question answered.

VANDE WALLE, C.J., and SANDSTROM and MESCHKE, JJ., concur.

The Honorable MARY MUEHLEN MARING was not a member of the Court when this case was heard and did not participate in this decision.