[File No. 7254]

CLIFFORD W. HANES, Respondent, v. A. R. MITCHELL, Appellant.

(49 NW2d 606)

Opinion filed Oct. 22, 1951

*E. J. McIlraith,* for appellant.
*Herigstad, Pringle & Herigstad,* for respondent.

Morris, C.J. This is an action upon a written contract involving the sale by the defendant to the plaintiff of a lot in the City of Minot, North Dakota, on or about July 5, 1949. The purchase price of $1500.00 was paid. The plaintiff's complaint alleges that as a part of the consideration the contract provided:

"And Whereas the purchase price of $1,500.00 for said property includes the installation of sidewalk, curb and gutter on the street side of the said premises,

"Now Therefore, in consideration of the said purchase price for said premises, receipt whereof is hereby acknowledged by the Party of the second part, It is mutually agreed that the second party shall pay all costs in connection with the installation of said sidewalk, curb and gutter along the front of said premises, which installation is at present being made, the said payment to be made as soon as the cost can be ascertained at the office of the City Auditor of Minot."

This contract was witnessed by two witnesses and signed by the plaintiff as party of the first part and by the defendant as party of the second part. The plaintiff then alleges that the defendant failed and refused to pay the cost of installing the sidewalk, curb and gutter as provided by the contract, and that the plaintiff paid therefor the sum of $501.92, which he seeks to recover.

The defendant, by his answer, admits the sale and purchase of the lot for $1500.00, and denies other allegations of the complaint. He specifically denies that he agreed to pay for the construction of the curb, sidewalk and gutter along the front of the premises and alleges that he was to pay only for the excavation work that was then being done in connection with the construction of the curb and sidewalk, and that he has paid for this excavation the sum of $45.00. He further alleges that the plaintiff hired an attorney to draw up the agreement upon which the action is brought, and that upon being urged to do so by the plaintiff, the defendant, after first remonstrating that he was too busy to sign the instrument, went to the attorney's office "and signed the said Exhibit 'A' without reading the same assuming of course that the same contained the actual agreement as made between the Plaintiff and Defendant at the time of the sale of

said property." The defendant also alleges that the contract was signed by him under a mistake of fact as to its contents and under a mistake of law as to its significance.

The case was tried to a jury who were instructed that since the execution of the contract was admitted, the jury should render a verdict for the plaintiff for such amount as they would find due him under the instructions and the evidence. A verdict was rendered for the full amount claimed by the plaintiff. The defendant moved for a judgment notwithstanding the verdict or in the alternative for a new trial. This motion was denied. The defendant appeals from the order denying his motion and from the judgment entered on the verdict.

The defendant under cross-examination freely admitted that on the fifth day of July, 1949, he owned the lot in question, which he sold to the plaintiff for $1500.00. He admitted his signature upon the contract. The plaintiff then proved that there was assessed against the property the sum of $501.92 for the construction of curb, sidewalk and gutter, which amount the plaintiff paid in full.

The defendant sought to prove a conversation had on July 3, 1949, between the plaintiff and defendant about the prospective purchase of the lot. An objection to this conversation was sustained. The defendant then made an offer of proof, the substance of which was that the oral negotiations of July 3 were to the effect that the defendant would pay for the excavation for the sidewalk, curb and gutter an amount of not more than $45.00 and that the defendant had entered into an agreement with the City of Minot to build a curb, gutter and sidewalk in front of the property, the cost of which would be assessed against the property and paid for over a period of years. The attorney for the defendant further stated:

"Defendant also offers to prove by this witness that the plaintiff employed an attorney to draw up Plaintiff's Exhibit '1', and that defendant was asked by the plaintiff while in his place of business in Minot, North Dakota, to come to the attorney's office and sign said agreement; that this defendant went to said attorney's office and signed said agreement without

reading the same and received a copy thereof; that the next day thereafter this defendant read his copy of Plaintiff's Exhibit '1' and upon discovering that it did not contain the terms of the contract and agreement as entered into between the plaintiff and defendant he immediately protested to the plaintiff and his said attorney, both of whom refused to do anything about it and the plaintiff merely stating that he had signed the contract and it was in writing."

The trial court persisted in his refusal to permit the defendant to establish the matters set forth in his offer of proof. This the defendant claims is error and upon it he seeks a reversal in this court.

Section 9–0607 RCND 1943 provides: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

This is a legislative enactment, in part, of the parol evidence rule. This rule is stated in the Restatement of the Law of Contracts, Volume 1, Section 237, as follows: "Except as stated in Sections 240, 241 the integration of an agreement makes inoperative to add to or to vary the agreement all contemporaneous oral agreements relating to the same subject-matter; and also, unless the integration is void, or voidable and avoided, all prior oral or written agreements relating thereto." This is not an evidentiary or interpretive rule, but rather one of substantive law. Allgood v. National Life Insurance Co. 61 ND 763, 240 NW 874; Williston on Contracts, Revised Edition, Volume 3, Section 631.

The defendant concedes the rule but insists that this case comes within an exception and points to a passage from DePue v. McIntosh, 26 SD 42, 127 NW 532, which this court quoted in Erickson v. Wiper, 33 ND 193, 157 NW 592, wherein it is said:

"And one of the exceptions seems to be that agreements or representations made prior to the written contract under which the party was induced to sign the contract may be shown; in other words, where the parol contemporaneous agreement was the

inducing and moving cause of the written contract, or where the parol agreement forms part of the consideration for a written contract, and where he executed the written contract upon the faith of the parol contract or representations, such evidence is admissible."

This language has been considered in subsequent cases by both this court and the Supreme Court of South Dakota. It was considered at length in Gilbert Manufacturing Co. v. Bryan, 39 ND 13, 166 NW 805. After discussing the facts in the South Dakota case, this court said:

"But the pleading and proof of a parol agreement relating to a part of the subject-matter of the contract, and which was agreed upon at the time of the understanding and agreement of the parties, with reference to the whole subject-matter of the contract, but which particular subject-matter was inadvertently overlooked, and the parties had neglected to incorporate it in the written contract so that, while such part of the subject-matter was agreed upon, yet it was not incorporated in the written contract, is an entirely different matter from the submission of proof which seeks to change some of the terms of the written contract, or which proof tends to establish a parol contract whose terms are materially different from the terms of the written contract. A written contract should be exclusive evidence of the agreement made and contained therein so far as it deals with all the subject-matter of the contract, unless such contract is procured through fraud, either actual or constructive, undue influence, restraint, deception, in a dishonest manner, or by false representations which induce the signing of the contract; or unless there is a mutual mistake of law by both parties, a misapprehension of the law by one party of which the other party was aware at the time of making the contract, which was not rectified, or some other illegal manner."

In Allgood v. National Life Insurance Co., supra, we laid down the rule in the second paragraph of the Syllabus that: "Where a written contract is complete, clear and unambiguous and contains mutual contractual covenants, or the consideration consists of specific, direct promise to do or not to do certain things,

such parts cannot be changed by parol, nor new terms added, in the absence of fraud, misconduct or accident." In that case we also call attention to Farmers' Elevator Co. v. Swier, 50 SD 436, 210 NW 671, wherein the South Dakota court comments on the language that we have quoted above from DeRue v. McIntosh, supra, and says: "This rule, however, in the absence of fraud or mistake, should not be and by this court never has been extended to cases in which the written contract is complete and unambiguous and the consideration contractual in its nature." See also Janssen v. Tusha, 66 SD 604, 287 NW 501. The rule set forth in Section 9–0607 RCND 1943, which we have quoted above, has been applied to the exclusion of parol evidence in these cases, in addition to those already considered: State Bank v. Burke, 53 ND 777, 208 NW 115; Clark v. Henderson, 62 ND 503, 244 NW 314, 84 ALR 347; Jensen v. Siegfried, 66 ND 222, 263 NW 715.

The dispute between the parties is who shall pay the costs of installing the sidewalk, curb and gutter. The contract is clear, plain and unambiguous with regard to that point. It states unequivocally that the defendant shall pay all the costs in connection with the installation of these improvements. They are also mentioned in the preceding paragraph of the contract which provides that the purchase price of $1500.00 shall include the installation. Plaintiff's offer to prove that his liability was limited to $45.00 in connection with the excavation directly contradicts the express words of the written contract. We can conceive of no clearer example of the violation of our statutory rule. Neither the defendant's pleading nor his offer of proof charges fraud, undue influence, misrepresentation, or any illegal act whatsoever on the part of the plaintiff.

The defendant alleges as a defense that he signed the contract under a mistake of fact as to its contents and under a mistake of law as to the significance of what he signed. Any contention that the defendant executed the contract under a mistake of law is clearly untenable. The defendant has wholly failed to point out where a mistake of law did or possibly could arise out of this transaction.

As to the defense of mistake of fact, the plaintiff pleads that he did not know the contents of the contract when he signed it.

Section 9–0313 RCND 1943 provides: "Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:

"1. An unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or

"2. Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed."

Under the plaintiff's pleading and offer of proof, his alleged mistake of fact stems from his failure to read the contract at the time he signed it. The defendant is engaged in a business in the City of Minot known as Mitchell Supply. The record does not indicate that he suffered from any handicap, physical or mental, that would interfere with reading and understanding the contract. It is brief and simple in language.

"The courts appear to be unanimous in holding that a person who, having the capacity and an opportunity to read a contract, is not misled as to its contents and who sustains no confidential relationship to the other party cannot avoid the contract on the ground of mistake if he signs it without reading it, at least in the absence of special circumstances excusing his failure to read it. If the contract is plain and unequivocal in its terms, he is ordinarily bound thereby. It is the duty of every contracting party to learn and know its contents before he signs and delivers it. He owes this duty to the other party to the contract, because the latter may, and probably will, pay his money and shape his action in reliance upon the agreement. To permit a party, when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts. The purpose of the rule is to give stability to written agreements and to remove the temptation and possibility of perjury, which would be afforded if parol evidence were admissible." 12 Am Jur, Contracts, Section 137.

This rule has been followed by this court and thus we find ourselves in accord with most other jurisdictions by virtue of the decisions in these cases: Little v. Little, 2 ND 175, 49 NW 736; Rokusek v. National Union Fire Ins. Co. 50 ND 123, 195 NW 300; Embden State Bank v. Shea, 50 ND 455, 196 NW 307; Fargo Building & Loan Association v. Rice, 66 ND 100, 262 NW 345.

It is suggested as an excuse for the defendant's failure to read the contract that he was busy and signed it hurriedly. As the trial court points out in his memorandum opinion, the contract is simple and consists of only about eighteen double spaced lines. The time that would be consumed in reading it would be negligible. The defendant's suggestion in this respect is well answered by the words of the court in Standard Manufacturing Co. v. Slot, 121 Wis 14, 98 NW 923, 105 Am St Rep 1016:

"A person cannot sign a paper in ignorance of its contents and thereafter excuse such ignorance by the mere plea that he was busy or that he is habitually neglectful in such circumstances, and throw upon the courts the burden of protecting him from the consequences of his imprudence. The policy of the law is fixed to the effect that he who will not reasonably guard his own interests when he has reasonable opportunity to do so, and there is no circumstance reasonably calculated to deter him from improving such opportunity, must take the consequences. Courts do not exist for the purpose of protecting persons who fail in that regard."

The defendant cites Orth v. Precise, 38 ND 580, 165 NW 557, and Hellebust v. Bonde, 42 ND 324, 172 NW 812. These cases hold that where a contract is induced under a misapprehension of law by one party, of which the other is aware, the contract may be rescinded, a situation which does not apply here. No mistake of law has been shown. There has been no attempt to rescind the contract. The defendant kept the purchase price of $1500.00, although, as indicated by his offer of proof, he discovered his mistake the day after he had signed the contract.

The rulings of the trial court in rejecting parol evidence of the prior oral agreement is in accord with the decisions of this

court and with general authority. No error was committed. The order and judgment appealed from are affirmed.

CHRISTIANSON, SATHRE, BURKE and GRIMSON, JJ., concur.