In re DOUGLAS HEREFORD RANCH, INC., a corporation, Paul O. Douglas, Constance F. Douglas, Cleone E. Douglas, Debtors.

FARMERS AND MERCHANTS BANK, Plaintiff,

v.

DOUGLAS HEREFORD RANCH, INC., a corporation; Paul O. Douglas; Constance F. Douglas; and Cleone E. Douglas, Defendants.

Bankruptcy Nos. 485–00568, 485–00575, 485–00677 and 485–00574. Adv. No. 486/0053.

United States Bankruptcy Court, D. Montana.

Jan. 9, 1987.

Carey E. Matovich, Billings, Mont., for plaintiff.

James A. Patten, Billings, Mont., for debtors/defendants.

ORDER

JOHN L. PETERSON, Bankruptcy Judge.

This adversary proceeding was commenced September 25, 1986, by the Farmers and Merchants Bank of Beach, North Dakota, (hereinafter Bank), to determine the extent of the Bank's security interest in property of the Debtors and to determine whether documents executed by the Debtors constitute personal guarantees for the corporate obligation. On the same date,

the Bank filed a motion for relief from the automatic stay to foreclose on the collateral subject to their security interest. The Debtors resist the motion on the grounds the Bank is adequately protected and dispute the Bank's claim in the motion that the individual Debtors personally guaranteed the corporate obligation. After a preliminary hearing on the motion, final hearing was set for November 20, 1986. Meanwhile, the Debtors' answer in the adversary matter was filed October 16, 1986, placing the cause at issue, and thus both matters were heard November 20, 1986. The Court, in receipt of the parties post-trial memorandums, deems the matter submitted. Due to the overlap and interrela-tionship between the motion and the complaint, both matters will be treated together in this opinion.

The Debtors in this action are Douglas Hereford Ranch, Inc.; Paul O. Douglas; Constance F. Douglas; and Cleone E. Douglas, each case having been filed separately, but consolidated by Order of this Court January 20, 1986.[1] The individuals are all shareholders of Douglas Hereford Ranch, Inc., with Paul O. Douglas, President, and Cleone E. Douglas, Secretary/Treasurer. Douglas Hereford Ranch is presently in default on its obligations to the Bank, as evidenced by three notes, which stand as follows:

(#1) Note 110190

| | |
|---|---|
| Date executed | May 9, 1984 |
| Face amount | $367,086.61 |
| Interest rate per annum | 13½% |
| Due Date | May 9, 1985 |
| Default Date | May 9, 1985 |
| Principal balance due | $318,334.34 |
| Interest due to 10/31/86 (petition date) | $69,628.74 |
| Daily accrued on interest | $117.74 |
| Party executing note: Douglas Hereford Ranch, Inc.; Paul O. Douglas; Cleone E. Douglas | |

(#2) Note 112981

| | |
|---|---|
| Date executed | June 24, 1985 |
| Face amount | $3,500.00 |
| Interest rate per annum | 12% |
| Due date | Nov. 1, 1985 |
| Default date | Nov. 1, 1985 |
| Principal balance due | $3,500.00 |
| Interest due to 10/31/85 | $145.83 |
| Daily accrual on interest | $1.15 |
| Party executing note: Douglas Hereford Ranch, Inc.; Cleone E. Douglas | |

(#3) Note 110191

| | |
|---|---|
| Date executed | May 9, 1984 |
| Face amount | $85,000.00 |
| Interest rate per annum | 8½% |
| Due date | April 18, 1985 |
| Default date | April 18, 1985 |
| Principal balance due | $1,330.82 |
| Interest due to 10/31/85 | –0– |

1. The Court notes that in the Debtors' motion of January 14, 1986, for consolidation of these cases, Paragraph 2, which was relied upon in part on the January 20, 1986 Order of Consolidation, states that a reason for consolidation of the individual cases is the existence of the personal guarantees of Paul O. Douglas, Constance F. Douglas and Cleone E. Douglas of the Douglas Hereford Ranch, Inc. obligation to Farmers and Merchants Bank. Debtors now take a contrary position.

(#3) Note 110191
      Daily accrual on interest                           $.31
      Party executing note:                        Cleone Douglas

Thus, when combined, the obligation of Douglas Hereford Ranch, Inc. to the Bank stands at:

| | | |
|---|---|---|
| Principal balance | – | $323,165.16 |
| Accrued interest to 10/31/85 | – | 69,774.57 |
| Daily accrual of interest since | | |
| 10/31/85 | – | 119.20 |

There appears to be no issue as to the balance of the obligation. The real issue involves whether documents executed by the Douglases constitute guarantees for the corporate debt.

On or about December 27, 1974, Cleone E. Douglas and Morris B. Douglas entered into an agreement, prepared by Farmers and Merchants Bank on Farmers and Merchants Bank letterhead which recites:

> For value received and for the purpose of enabling Morris B. & Cleone E. Douglas to guarantee their indebtedness to you and to obtain credit from you, and for the purpose of securing their present or any future indebtedness to you, and to obtain credit from you, and for the purpose of securing their present or any future indebtedness to you, of any kind and character, however incurred, or created, We, the undersigned hereby guarantee the prompt payment, at maturity, of all notes given by the *Corporation to you,* and *guarantee all of their corporate indebtedness to you* present, and future, of any kind, and character.
>
> Notice of acceptance of this guarantee; and notice of nonpayment and protest, or of the creation or of the existence of the indebtedness, or liability covered by the within named corporation, are hereby waived.
>
> *This instrument shall apply to all existing and to all future indebtedness and liability* until written notice to you, from the undersigned, is given, not to make any further advances upon the faith thereof. (Emphasis supplied)

The document was then signed by Cleone E. Douglas and Morris B. Douglas, and duly notarized.

On or about January 8, 1975, Paul O. Douglas and Connie F. Douglas (Constance) executed, signed and caused to be notarized a document identical to the preceding, the only change being the names of the parties to the document. Shortly before execution of the document the Douglas ranching operation was incorporated into Douglas Hereford Ranch, Inc. The documents in question were discussed by the parties and Mr. James Vols, then an officer with the Bank. The testimony of Paul Douglas, Constance Douglas and Cleone Douglas is consistent in their belief that at the time the purported guarantees were executed their purpose was to allow the Douglases to engage in transactions on behalf of the corporation, such as signing and depositing checks and conducting business transactions. The Douglases deny they were ever informed nor was it explained that execution of the documents would render them personally liable for the corporate debt and that they had no intention of agreeing to such a bargain. The Douglases contend they were not aware the documents were being treated as personal guarantees until the notes were called and demand was personally made in late 1984 or early 1985.

On additional comment should be noted. While there appears to be a dispute between the parties as to the effect and intent of the documents in question, no issue of fraud or misrepresentation has either been raised in the pleadings or at trial.

A few principles of basic contract law must be considered in reaching a decision on the issue.[2] The construction of a written contract to determine its legal effect is always a question of law for the court to decide. *Hager v. Devil's Lake Public School District,* 301 N.W.2d 630 (N.D.

---

2. Both parties agree this issue must be settled under North Dakota law, the place of execution

and performance of all documents.

1981). The object of interpreting and construing a contract is to give effect to the mutual intention of the parties. Section 9–07–03 North Dakota Century Code (NDCC); *Hoge v. Burleigh County Water Management District,* 311 N.W.2d 23, (N.D.1981). Whenever a contract is reduced to writing, however, the intention of the parties is to be ascertained from the writing done, if possible. Section 9–07–04; *Hager,* supra. When the language of the contract is clear and unambiguous, there is no reason to inquire further into extrinsic matters. *Hager,* supra; *Hoge,* supra. When the terms of a contract are ambiguous and not clear, the terms should be strictly construed against the party who caused the uncertainty to exist. Section 9–07–19 NDCC; *Oakes Farming Association v. Martinson Brothers,* 318 N.W.2d 897, (N.D.1982).

With those principles in mind our attention turns to the documents in question. A fair reading reveals that the terms clearly reflect the intention of the parties. The undersigned parties, Cleone E. Douglas on December 27, 1974, and Paul O. Douglas and Connie F. Douglas on January 8, 1975, guarantee the payment of all notes, then existing and future indebtedness, of the corporation to the Bank. Since each person who signed the document is the shareholder of the debtor corporation, no other interpretation can be drawn from the documents, otherwise the execution of the document would be an idle act, and the law does not favor idle acts. As the documents clearly express the intent of the parties on their face, there is no basis to use or consider extrinsic evidence to find the intentions or impressions of the Douglases when the documents were executed. As to the Defendants' contentions that they were unaware of the legal significance of the documents at the time of execution, such argument provides no relief. As stated in *Hanes v. Mitchell,* 49 N.W.2d 606, 610, (N.D.1951):

"It is the duty of every contracting party to learn and know its contents before he signs and delivers it. He owes this duty to the other party to the contract, because the latter may, and probably will, pay his money and shape his reliance upon the agreement. To permit a party, when sued on a written contract, to admit that he signed it but to deny that it expresses the agreement he made or to allow him to admit that he signed it but did not read it or know its stipulations would absolutely destroy the value of all contracts."

The document is a single paper, consisting of three paragraphs, and lends itself to but one interpretation, that Cleone E. Douglas, Paul O. Douglas and Consance F. Douglas personally guarantee the corporate indebtedness of Douglas Hereford Ranch, Inc. to Farmers and Merchants Bank of Beach, North Dakota.

*Relief From Stay*

The Bank requests lifting of the automatic stay to foreclose on their security interest in property of the Debtors, consisting of machinery, equipment, livestock, feed, supplies, real estate and the personal guarantees previously referenced. The Debtors resist the motion, asserting the property in question is necessary to an effective reorganization.

Section 362 provides:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ..., such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection if an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section; if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

*     *     *     *     *     *

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issues of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues."

It is clear from the evidence presented at the November 20, 1986 hearing that the Debtors' obligation to the Bank stands at $323,165.16 principal, with $69,774.57 accrued interest, through the date of the petition, October 31, 1985. However, no evidence was presented by the Bank as to the Debtors' lack of equity in the collateral. Accordingly, the Bank's request for lifting of the automatic stay must fail. § 362(g)(1). Additionally, the case has arrived at the point where the feasibility of a Plan of Reorganization is ripe for decision. Lifting of the stay at this time to allow foreclosure and repossession would seriously impair the Debtors' efforts at reorganization. If the Debtors become unable to confirm a Plan of Reorganization, the Bank's motion may again become appropriate.

IT IS ORDERED:

(1) That the documents executed December 27, 1974 by Cleone E. Douglas, and January 8, 1975 by Paul O. Douglas and Connie F. Douglas, constitute personal guarantees of the corporate indebtedness of Douglas Hereford Ranch, Inc. to Farmers and Merchants Bank and that the Bank may turn to said individuals for collection of the balance due on three notes outstanding, Nos. 110190, 112981 and 110191;

(2) The Clerk is directed to enter judgment accordingly;

(3) That Farmers and Merchants Bank's request for termination of the automatic stay under 11 U.S.C. § 362 is denied, with the Bank granted leave to renew said motion pending the outcome of the Debtors' Plan of Reorganization.

This opinion constitutes Findings of Fact and Conclusions of Law, pursuant to Rule 52 F.R.Civ.P. and Rule 7052, Bankruptcy Rules.