**Delmer RINK, d/b/a Delmer Rink Construction, Plaintiff and Appellant,**

v.

**NPN, INC., a North Dakota corporation, Defendant,**

and

**Clark Equipment Credit Corporation, Defendant and Appellee.**

Civ. No. 870115.

Supreme Court of North Dakota.

Feb. 8, 1988.

Kent M. Morrow (argued), Watford City, for plaintiff and appellant.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, for defendant. No appearance.

McIntee & Whisenand, P.C., Williston, for defendant and appellee; argued by Kathleen Key–Imes.

ERICKSTAD, Chief Justice.

Delmer Rink, d/b/a Delmer Rink Construction (Rink), appealed from a district court summary judgment entered in Rink's action against N.P.N., Inc. (N.P.N.), and Clark Equipment Credit Corporation (Clark) for reformation or rescission of a retail installment contract. We affirm.

On November 11, 1980, Rink executed a retail installment contract for the purchase of a 1980 Komatsu tractor for $189,008.53 from N.P.N. N.P.N. assigned the contract to Clark. Rink paid several installments of the deferred purchase price in 1981, 1982, and 1983, and used the tractor until April 1984.

By complaint dated May 8, 1984, Rink sued N.P.N. and Clark for reformation or rescission of the contract on the ground of mistake. Clark counterclaimed against Rink for a deficiency if proceeds from sale of the tractor were not sufficient to satisfy the terms of the contract and crossclaimed against N.P.N. Rink's claim against N.P.N. was dismissed by stipulation.

Clark moved for summary judgment dismissing Rink's complaint and for recovery under its counterclaim and crossclaim. The district court granted Clark's motion and judgment was entered holding Rink and N.P.N. liable to Clark for the deficiency remaining under the contract. Rink appealed, asserting that the trial court erred in granting summary judgment because there was a genuine issue of material fact as to the true nature of the contract; that Clark was not a bona fide purchaser of the contract for value and without notice of any claims or defenses; and that the trial court erred in entering judgment against Delmer Rink personally.

Rink asserts that he intended that the contract with N.P.N. be a lease-purchase agreement and not a retail installment purchase agreement. Rink argues that he is

entitled to reformation or rescission of the contract on the basis of a mutual mistake of fact as to the true nature of the agreement between himself and N.P.N. or on the basis of his unilateral mistake of fact.

A mistake of fact which might support reformation or rescission is defined in § 9–03–13, N.D.C.C.:

> "*9–03–13. Mistake of fact defined.* Mistake of fact is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:
>
> > "1. An unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or
> >
> > "2. Belief in the present existence of a thing material to the contract which does not exist, or in the past existence of such a thing which has not existed."

In *Security State Bank of Wishek v. State,* 181 N.W.2d 225 (N.D.1970), the Bank of Wishek purchased industrial development revenue bonds and sought a refund of the purchase price upon learning that the bonds, which it did not previously examine, were not general obligation bonds. This court held that it could not recover on the basis of a mistake of fact:

> "If it could be contended that the Bank of Wishek was mistaken in the type of securities that it purchased and that this mistake was a mistake of fact, we think that the bank is deprived of any recovery on the basis of a mistake of fact, for the reason that its mistake of fact was caused by its neglect of a legal duty to carefully ascertain the type of securities offered before it purchased them." *Security State Bank of Wishek v. State,* 181 N.W.2d at 233.

*See also Hanes v. Mitchell,* 78 N.D. 341, 49 N.W.2d 606, 610 (1951) ("It is the duty of every contracting party to learn and know its contents before he signs and delivers it").

■ There was no evidence that N.P.N. was mistaken about the nature of the agreement, other than Rink's assertion that "somebody was sure mistaken when we wrote that up." Thus, if Rink is to recover, it must be on the basis of unilater-

al mistake. Rink testified in a deposition that he did not read the contract before signing it. He has not asserted that he has any physical or mental handicap and testified that he could read well. The mistake, if any, arose from Rink's failure to read the contract. The contract involved was a relatively short and simple one entitled "RETAIL INSTALMENT CONTRACT." Among other indicia of the contract's status as a purchase contract rather than a lease or lease-purchase contract is the following legend appearing immediately below the title of the contract:

> "SUBJECT TO THE TERMS AND CONDITIONS OF THIS CONTRACT, SELLER AGREES TO SELL, AND BUYER HAVING BEEN QUOTED AND OFFERED BOTH A CASH PRICE AND A DEFERRED PAYMENT PRICE, AGREES TO BUY THE FOLLOWING PROPERTY ('EQUIPMENT') FOR THE DEFERRED PAYMENT PRICE BELOW."

The contract contains no language indicative of a lease or lease-purchase.

Rink's mistake of fact was caused by his failure to read the contract and thereby ascertain the type of agreement offered before signing it. We conclude that Rink is, therefore, "deprived of any recovery on the basis of a mistake of fact, for the reason that [his] mistake of fact was caused by [his] neglect of a legal duty." *Security State Bank of Wishek v. State, supra,* 181 N.W.2d at 233. The trial court therefore did not err in granting Clark's motion for summary judgment.

Our conclusion that Rink's mistake was caused by his neglect of a legal duty, thereby precluding recovery on his claim against Clark, renders unnecessary any determination of Rink's contention that Clark was not a bona fide purchaser of the contract for value and without notice of any claims or defenses.

■ Arguing that the judgment should be satisfiable only from his construction company assets, Rink has requested "that an amended judgment issue stating that it shall be a judgment only against Delmer

Rink Construction and not against Delmer Rink individually or doing business as a farming and ranching operation." The argument is without merit.

Rink operated his business as an unincorporated sole proprietorship and signed the contract in his personal capacity. As we said in *Carlson v. Doekson Gross, Inc.*, 372 N.W.2d 902, 905 (N.D.1985) *quoting Duval v. Midwest Auto City, Inc.*, 425 F.Supp. 1381, 1387 (D.Neb.1977):

> "A sole proprietorship which is conducted under a trade name is *not* a separate legal entity:
>
>> 'The designation 'd/b/a' means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names remains one person, personally liable for all his obligations.'"

We conclude that Rink is personally liable for the obligation under the contract and that the trial court properly imposed personal liability upon him.

Affirmed.

VANDE WALLE and MESCHKE, JJ., and VERNON R. PEDERSON and BAKKEN, Surrogate Justices, concur.

VERNON R. PEDERSON and ALBERT C. BAKKEN, Jr., Surrogate Justices, sitting in place of GIERKE and LEVINE, JJ., disqualified.